## GRAVER v. FAUROT.

(Circuit Court, N. D. Illinois. November 8, 1894.)

1. FEDERAL COURTS—JURISDICTION—REVIEW OF DECISION OF STATE COURT.
    A federal court cannot entertain jurisdiction of a bill of review seeking a rehearing of a cause in a state court.

2. COURTS—RULE OF DECISION.
    Where two cases in the court of last resort appear to be in irreconcilable conflict as to the right of a complainant to maintain his bill, the later of such cases citing the earlier and conflicting case with approval, the circuit court will sustain a demurrer to the bill, in order to obtain a determination of such right, before putting parties to the expense of marshaling evidence.

3. FRAUD—IMPEACHING DECREE.
    Can a final decree be impeached by an original bill seeking to attack such decree for fraud where the only fraud alleged is false swearing and perjury in the suit in which such decree was rendered, quaere.

This was a suit by William Graver against Benjamin C. Faurot to set aside, on the ground of fraud, a decree rendered in a court of the state of Illinois. Defendant demurred to the bill.

Monroe & McShane and R. Rae, for complainant.
Frank L. Wean and Frank O. Lowden, for defendant.

JENKINS, Circuit Judge. Preliminary to the consideration of the demurrer, an observation may be indulged with respect to this bill of complaint. It is understood to be a bill filed in the state court, either as a bill of review of a previous decree in equity in that court, or as an original bill attacking that decree for fraud. The transcript of record filed in this court upon removal of the cause from the state court exhibits what purports to be a copy of the bill so filed in the state court. That copy is either incorrect, or the bill itself is imperfect. I find therein no allegation that any bill was filed in the state court in the suit in which the decree was entered, and which is there attacked. The first six pages would seem to be a copy of that original bill in the state court, and this is followed by allegations that the defendant entered his appearance to the bill, and filed his sworn answer thereto. There are, however, no apt allegations showing the commencement of the original suit in the state court, although the decree therein is asserted and sought to be annulled. This is a matter which doubtless can be rectified, and I prefer to consider the bill as it should be perfected.

This bill is either a bill of review, seeking a rehearing of the original suit upon the ground of newly-discovered evidence, or is an original bill attacking the former decree for fraud. If it be a bill of review, this court cannot properly entertain jurisdiction. Barrow v. Hunton, 99 U. S. 80; Johnson v. Waters, 111 U. S. 640, 4 Sup. Ct. 619; Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62. Otherwise, if it be an original bill attacking the former decree for fraud. I must therefore consider this bill as an original bill.

The decree sought to be impeached was rendered on the 8th of July, 1889, and is as follows:

v.64F.no.3—16

"This cause coming on to be heard, came the parties hereto, by their solicitors, respectively, and the court, having heard the evidence, arguments of counsel, and being fully advised in the premises, finds that the equities to be with the defendant. Therefore, it is ordered that this case be, and the same is hereby, dismissed at the complainant's cost for want of equity, and the defendants have of the said plaintiff their costs in the premises."

It is asserted in the present bill that neither the complainant nor the solicitor were present at the hearing of the cause, if any were ever had; and it is charged that no evidence was heard in the cause at the final hearing thereof, or arguments made by counsel, so far as respects the complainant; and that the matter was disposed of ex parte, and without notice. There would seem to have been a motion to dissolve an injunction which had been granted in that suit, and the motion was allowed; that no replication to the answer was filed; and that some six months after such dissolution of the injunction this final decree was rendered. It is claimed that this decree is not, for the reasons stated, res judicata, and that this court should look into the circumstances, and so hold, treating that decree as a mere dismissal of the bill, and not to be a final and conclusive adjudication upon the merits of the action.

Ordinarily, a dismissal of a bill in chancery stands on the same footing as a judgment at law, and will be presumed to be a final and conclusive adjudication upon the merits, whether or not heard and determined, unless the contrary is apparent upon the face of the pleadings, or in the decree of the court. Doe v. Oliver, 2 Smith, Lead. Cas. 667; Durant v. Essex, 7 Wall. 107; Tankersley v. Pettis, 71 Ala. 179. The decree upon its face purports to be a final decree upon the merits, and in the absence of fraud this court is not at liberty to consider whether the statements of the decree be true or not.

This original decree is now attacked for fraud, consisting, as charged in the bill, in "false swearing and perjury of said Faurot and Bailey, and that this court was deceived and imposed on thereby, and that said decree was obtained by fraud." This false swearing and perjury were in the verification to the answer to the bill in that suit. The question is therefore sharply presented whether a judgment can be attacked for fraud, and the prevailing party deprived of the benefit thereof, when he has obtained that judgment or decree by a false answer, or by perjury in giving evidence therein. Assuming the facts to be as stated in this bill, I have been impressed with the conviction that the complainant has been grievously defrauded. It will not answer, however, to depart from well-settled principles upon which courts of equity proceed, to rectify an occasional injustice. Such a course usually results in the working of greater injustice. It should be the aim of the court to move along the lines of well-established principles, and not to permit hard cases to make bad precedents. I have struggled to find a way by which this complainant may be relieved from the gross fraud charged in his bill, and by which he may escape the conclusive effect of the prior decree. I am confronted with two decisions of the ultimate tribunal which I have not been able to reconcile. In U. S. v. Throckmorton, 98 U. S. 61, the court, by Mr. Justice Miller, in considering the question of what

frauds are sufficient to sanction a court to set aside a judgment or decree between the same parties, uses this language:

"If the court has been mistaken in the law, there is a remedy by writ of error. If the jury has been mistaken in the facts, the remedy is by motion for new trial. If there has been evidence discovered since the trial, a motion for a new trial will give appropriate relief. But all these are parts of the same proceeding. Relief is given in the same suit, and the party is not vexed by another suit for the same matter. So, in a suit in chancery, on proper showing a rehearing is granted. If the injury complained of is an erroneous decision, an appeal to a higher court gives opportunity to correct the error. If new evidence is discovered after the decree has become final, a bill of review on that ground may be filed within the rules prescribed by law on that subject. Here, again, these proceedings are all part of the same suit, and the rule framed for the repose of society is not violated. But there is an admitted exception to this general rule in cases where, by reason of something done by the successful party to a suit, there was in fact no adversary trial or decision of the issue in the case. Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court; a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party, and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing. See Wells, Res Adj. § 499; Pearce v. Olney, 20 Conn. 544; Wierich v. De Zoya, 7 Ill. 385; Kent v. Ricards, 3 Md. Ch. 392; Smith v. Lowry, 1 Johns. Ch. 320; De Louis v. Meek, 2 Iowa, 55. In all these cases, and many others which have been examined, relief has been granted, on the ground that, by some fraud practiced directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court.

"On the other hand, the doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed. Mr. Wells, in his very useful work on Res Adjudicata, says (section 499): 'Fraud vitiates everything, and a judgment equally with a contract,—that is, a judgment obtained directly by fraud, and not merely a judgment founded on a fraudulent instrument; for, in general, the court will not go again into the merits of an action for the purpose of detecting and annulling the fraud. * * *' Likewise, there are few exceptions to the rule that equity will not go behind the judgment to interpose in the cause itself, but only when there was some hindrance, besides the negligence of the defendant, in presenting the defense in the legal action. There is an old case in South Carolina to the effect that fraud in obtaining a bill of sale would justify equitable interference as to the judgment obtained thereon. But I judge it stands almost or quite alone, and has no weight as a precedent."

The case he refers to is Crawford v. Crawford, 4 Desaus. Eq. 176. See, also, Bigelow, Frauds, 170–172. There the fraud consisted of a forged grant accompanied by depositions of perjured witnesses, whereby, as was claimed, the court was imposed upon to render the objectionable decree. But the supreme court affirmed a decree dismissing the bill, holding that the frauds for which a bill to set aside a judgment or decree between the same parties will be sustained are those which are extrinsic or collateral to the matter tried, and not a fraud which was in issue in the primary suit; and that the

cases where such relief has been granted are those in which, by fraud or deception upon the unsuccessful party, he has been prevented from exhibiting fully his case, by reason of which there has never been a real contest before the court of the subject-matter of the suit.

This case would seem to control action upon the present demurrer. It has never been reversed or limited, and is referred to approvingly in the subsequent case to which I now advert. In Marshall v. Holmes, 141 U. S. 598,[1] a bill was filed in the state court of Louisiana to annul and avoid a certain judgment obtained at law upon false and forged documents. It will be observed that the fraud asserted was of the same character as in the case of U. S. v. Throckmorton. The case was sought to be removed to the federal court, but removal was refused by the state court, resulting, upon final hearing in the state court, in the dismissal of the bill. The case was then appealed to the court of appeals for the Second circuit in the state of Louisiana, and the original judgment being affirmed, except that the general damages were reduced, a writ of error was prosecuted to the supreme court of the United States. The latter court held that the state authority was without authority to proceed further in the suit after the filing of the petition for removal, if it was a suit in which the circuit court of the United States could rightfully take jurisdiction. The case was held to be such an one, and the decree was reversed. The court reviews the averments of the petition, and declares the ground of fraud to be that the judgment complained of "would not have been rendered against Mrs. Marshall but for the use in evidence of the letter alleged to be forged"; and then observes:

"The case evidently to be presented by the petition is one where, without negligence, laches, or other fault upon the part of the petitioner, Mayer has fraudulently obtained judgments, which he seeks, against conscience, to enforce by execution. While, as a general rule, a defense cannot be set up in equity which has been fully and fairly tried at law, and although, in view of the large powers now exercised by courts of law over their judgments, a court of the United States, sitting in equity, will not assume to control such judgments for the purpose simply of giving a new trial, it is the settled doctrine that 'any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery.' Insurance Co. v. Hodgson, 7 Cranch, 332, 336; Hendrickson v. Hinckley, 17 How. 443, 445; Crim v. Handley, 94 U. S. 652, 653; Metcalf v. Williams, 104 U. S. 93, 96; Embry v. Palmer, 107 U. S. 3, 11, 2 Sup. Ct. 25; Knox Co. v. Harshman, 133 U. S. 152, 154, 10 Sup. Ct. 257; 2 Story, Eq. Jur. §§ 887, 1574; Floyd v. Jayne, 6 Johns. Ch. 479, 482. See, also, U. S. v. Throckmorton, 98 U. S. 61, 65."

It will be observed that in the statement of general principles of law there is no conflict in the cases. The conflict, if any, is in the application of legal principles to the facts then in point. I have carefully examined the cases which the supreme court refer to in the latter opinion. Each of them was a case where the fraud was extrinsic or collateral to the matter tried, and undoubtedly fell within the doc-

trine of U. S. v. Throckmorton. As before stated, I am unable to distinguish those two cases upon the facts. The nature of the fraud was the same in both cases. In both the fraud was in the use of forged documents and false evidence offered by the successful party. In the one case the bill was dismissed, and in the other sustained. Both decisions were by a unanimous court. Three of the justices who were members of the court when the former case was decided were members of the court when the latter case was decided, including the justice who delivered the opinion of the court. I do not see how both can stand, and yet the former case is approvingly referred to in the latter. Possibly the fault is mine, that I am unable to distinguish them. In the doubtful frame of mind in which I am left by these two apparently conflicting decisions, I might have recourse to the maxim that the greater regard should be given to the latter decision, were it not for the fact that in the latter case the former decision is approvingly referred to, and apparently sought to be followed.

Under the circumstances, I think it would be a hardship upon the parties to put them to the expense of marshaling their evidence when the right to maintain the bill is thus placed in doubt. It would be the prudent course to first determine the right to maintain the bill on the facts stated, and in that view I have concluded pro forma to sustain the demurrer and dismiss the bill, and the complainant, by appeal to the court of appeals, may speedily have the question determined in advance of an issue upon the merits. That court may perhaps be able to reconcile the two cases referred to, or, if unable so to do, can certify the question to the supreme court for its solution. The demurrer will be sustained, and the bill dismissed.