## PINTSCH COMPRESSING CO. v. BERGIN.

(Circuit Court, D. Massachusetts. November 19, 1897.)

### No. 624.

1. ALIENS—JUDGMENT OF NATURALIZATION—CONCLUSIVENESS.

Proceedings in a court of record under the naturalization laws (Rev. St. §§ 1993, 2165, 2171, 2172) are judicial, and result in a judgment which can be impeached only as other judicial judgments are impeached. Hence, where the proceedings are regular on the face of the record, a judgment admitting a woman to citizenship cannot be reviewed or annulled at a subsequent term, on petition of a private party, alleging that during the larger part of the two years prior to her application she was under the disability of coverture, her husband being an alien, and, therefore could not, in law, have had, during that time, the bona fide intention to become a citizen, which the law requires.

2. SAME.

It seems that no one, unless the United States, or a person proceeding by their authority, can institute proceedings to annul a judgment admitting an alien to citizenship.

This was a petition by the Pintsch Compressing Company against Mary A. Bergin for the purpose of annulling a proceeding under the naturalization laws, whereby the latter was admitted to citizenship.

Heman W. Chaplin and Edward D. Whitford, for petitioner.
Anson M. Lyman, for respondent.

PUTNAM, Circuit Judge.    The petitioner represents that the respondent has been admitted by this court to become a citizen of the United States when she should not have been, and it prays that her "certificate of naturalization be returned to this court and canceled." The certificate is a nonessential, but we need not stop at the mere form of prayer of the petition.    The only interest the petitioner alleges in the question is that, as a citizen, the respondent has sued the petitioner in this court, and that it is only by force of her apparent citizenship that she is enabled to maintain such a suit.    It, however, assumes to prosecute the petition on behalf of all persons interested, but, inasmuch as the United States have not intervened, we regard this allegation of no avail.

The respondent was admitted a citizen in accordance with the provisions of section 2167 of the Revised Statutes.    Under those provisions she was required to "prove to the satisfaction of the court that for two years next preceding" her application it had been her bona fide intention to become a citizen of the United States.    The petition alleges that during the larger portion of that period of two years she had been under disability as the wife of an alien, who nevertheless resided with her in the United States, so that she could not in law have the required operative intention.    This proposition involves, technically, mixed questions of law and fact, which were presumably passed on by the court before it admitted the respondent to citizenship, and all which were merged in its final act.    Therefore no question raised by the petitioner appears on the face of the proceedings, and the very form of the petition in this case necessarily concedes that the record is regular in every particular.    It follows that the petitioner demands to review the findings of the court, and is not merely bringing to our attention an irregularity or fatal defect apparent on the face of the record.    As, moreover, the petition alleges that the naturalization was at a former term, it does not apply for the exercise of that summary power over its own proceedings which the court reserves during the term when they occur, but asks what is, in effect, a judgment on scire facias, annulling the proceedings admitting the respondent to citizenship.    The section of the Revised Statutes referred to, both in the Revised Statutes and in its original enactment (Act May 26, 1824, c. 186, § 1; 4 Stat. 69), was incorporated in, and became a part of the system established by Act April 14, 1802, c. 28 (2 Stat. 153), now represented by §§ 1993, 2165, 2171, and 2172 of the revision. Whatever may have been the condition under previous statutes, proceedings in a court of record under this legislation are judicial, and result in a judgment which can be impeached only as other judicial judgments may be.    Spratt v. Spratt, 4 Pet. 393, 406; Insurance Co. v. Tisdale, 91 U. S. 238, 245; Boyd v. Nebraska, 143 U. S. 135, 180, 12 Sup. Ct. 375.    In strict conformity with this principle, and in illustration and confirmation thereof, the judgments of this court, in cases of admission to citizenship under the circumstances of the admission of

the respondent have been, and still are, in the following form, the blanks being first duly filled:

"United States of America.

"District of Massachusetts, to wit:

"At a circuit court of the United States, begun and holden at said Boston on the fifteenth day of ——, in the year of our Lord 189-, to wit, on the —— day of ——, A. D. 189-, the said ——, having produced the evidence required by law, took the aforesaid oath, and was admitted to become a citizen of the United States of America; and the court ordered that record thereof be made accordingly."

The record thus ordered on the application of the respondent evidenced a solemn judicial judgment that she was entitled to receive, and did thereby receive, from the United States, the franchise of citizenship. Is any one entitled to proceed for its rescission unless the United States themselves, or by their authorization? No precedent, no text writer, and no rule of law is cited which justifies us in answering this question affirmatively. The fundamental principle that, in the absence of a statute of authorization, only the United States can proceed judicially to recall or rescind franchises granted by them, has peculiar force with reference to citizenship. as to which so great a variety of interests, political and individual, of high importance, is concerned that the jurisdiction of inquiry should be especially fixed and limited. Even when proceeding diplomatically, and in their relations with foreign powers, the United States reserve to themselves the exclusive right to question the naturalization proceedings of their local tribunals. So far as we can discover, there has been no decision of any court of authority on the precise case before us; but whatever precedents there are favor the views we have expressed. Petition dismissed, with costs for the respondent.