## UNITED STATES v. GLEESON.

(Circuit Court of Appeals, Second Circuit. December 7, 1898.)

VACATION OF JUDGMENT—GROUNDS—PERJURED TESTIMONY.

A court will not entertain a suit to vacate or annul a judgment of a court having jurisdiction to render it solely on the ground that it was procured by means of the perjured testimony of the party whom it benefits. U. S. v. Throckmorton, 98 U. S. 66, followed.

Wallace, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a decision of the circuit court, Eastern district of New York, sustaining the demurrer of defendant to the bill of complaint. 78 Fed. 396. The suit is brought by the government, in equity, to procure a decree vacating the certificate of naturalization issued to the defendant by the superior court of the city of New York May 24, 1867, on the ground that the same was procured through false and fraudulent representations, statements, or declarations then made by said Gleeson in his petition to the court to induce it to issue said certificate. The complaint sets forth in detail the sworn statements of Gleeson upon his application, and avers that at the time he thus swore "that he had resided within the United States three years next preceding his arrival at the age of twenty-one years, and that he had resided in the United States for five years, including three years of his minority," he well knew that such statements were false and untrue.

George H. Pettit, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. We have here a suit, the object of which is to vacate, set aside, and annul a judgment of a court having jurisdiction to make such judgment, on the sole ground that defendant induced such court to make such judgment by his own false and perjured testimony. It would seem to be within the rule laid down in U. S. v. Throckmorton, 98 U. S. 66, viz. that a "court will not set aside a judgment because it was founded on a fraudulent instrument or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed." This case is cited with approval in Hilton v. Guyot, 159 U. S. 207, 16 Sup. Ct. 139. It has been contended that Marshall v. Holmes, 141 U. S. 598, 12 Sup. Ct. 62 (a suit arising in Louisiana, the Code of which state apparently authorizes such an action) is so inconsistent with U. S. v. Throckmorton that it must be held to have overruled the last-mentioned case. Such is the conclusion apparently reached by the circuit court of appeals in the Seventh circuit in Graver v. Faurot, 22 C. C. A. 156, 76 Fed. 257,— a cause which has had an interesting history. See 64 Fed. 241, and 162 U. S. 435, 16 Sup. Ct. 799. The rule of stare decisis, however, leads this court to a different conclusion. Precisely the same question—as to the effect of Marshall v. Holmes upon U. S. v. Throckmorton—was before us in the case of Bailey v. Sundberg, 1 U. S. App. 101, 1 C. C. A. 387, 49 Fed. 583. In that cause the libelant, who had been defeated in an action in rem against a steamship, brought a new action in personam against her owners. This court

held that the decree in the earlier suit precluded Bailey from a re-examination of the same questions in the later suit. Subsequently he amended his libel, charging that, without negligence or laches or other fault on the part of the libelants, the respondent, by his false evidence given in the action in rem, enabled the claimants of the steamship to obtain the judgment therein, which judgment was set up as res adjudicata. Exceptions to this amendment were sustained by the district court, and the libel dismissed. Upon appeal to this court the decree of the district court was affirmed upon the authority of U. S. v. Throckmorton, no opinion being written. The libelant thereupon twice appealed to the supreme court for a certiorari, upon briefs which presented with very great fullness the apparent conflict between the two cases in 98 U. S. and 141 U. S., and 12 Sup. Ct., and urged upon the consideration of the court that the judges in the Second circuit were following the earlier, rather than the later, decision. Both applications were denied. 145 U. S. 628, 12 Sup. Ct. 239; 154 U. S. 494, 14 Sup. Ct. 1142. Until the attention of this court is called to some decision of the supreme court, other than Holmes v. Marshall, criticising or limiting the doctrine of U. S. v. Throckmorton, it would seem that the principle of stare decisis should preclude its entertaining a bill which seeks to vacate or annul a judgment solely on the ground that such judgment was procured by means of the perjured testimony of the party whom it benefits. The decree of the circuit court is affirmed.

WALLACE, Circuit Judge, dissenting.