## UNITED STATES v. MEYER.

### (District Court, E. D. Washington, S. D.   May 27, 1909.)

#### No. 64.

1. ALIENS (§ 64*)—NATURALIZATION—NECESSITY OF PREVIOUS DECLARATION OF INTENTION—WIDOW OF SOLDIER.

   Naturalization Act June 29, 1906, c. 3592, § 4, subd. 6, 34 Stat. 598 (U. S. Comp. St. Supp. 1907, p. 422), which authorizes the naturalization of the widow and minor children of an alien, who dies after having declared his intention to become a citizen, but before he was actually naturalized, without making such declaration, does not entitle the widow of an alien who never declared his intention to naturalization without previously making such declaration because he was an honorably discharged soldier of the United States and as such entitled to naturalization without making any declaration, under Rev. St. § 2166 (U. S. Comp. St. 1901, p. 1331).

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 128; Dec. Dig. § 64.*]

2. ALIENS (§ 67*) — NATURALIZATION — CANCELLATION OF CERTIFICATE—JURISDICTION OF COURT.

   Act June 29, 1906, c. 3592, § 15, 34 Stat. 601 (U. S. Comp. St. Supp. 1907, p. 427), confers jurisdiction on any court authorized to naturalize aliens in the district where a naturalized citizen resides to cancel the certificate of naturalization of such person, although granted by another court, where its issuance was illegal.

   [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 67.*]

3. ALIENS (§ 65*)—NATURALIZATION—HONORABLY DISCHARGED SOLDIERS.

   Rev. St. § 2166 (U. S. Comp. St. 1901, p. 1331), which provides that honorably discharged soldiers of the United States may be admitted to citizenship without any previous declaration of intention, was not repealed by Naturalization Act June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 419).

   [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 65.*]

On Demurrer to Petition.

Andrew J. Balliet, Asst. U. S. Atty.
H. J. Snively, for respondent.

WHITSON, District Judge.   The respondent is the widow of an honorably discharged soldier, who had never applied for admission to citizenship, nor made a declaration of intention.   On the 10th day of April, 1908, she presented her petition for naturalization to the superior court of the state of Washington for the county of Benton, alleging the alienage of her husband and herself, and on the 15th day of July next following was admitted to citizenship by that court.   She filed no declaration of intention, but relied upon the service of her husband in the army and the discharge received during his lifetime.   The controversy is raised by demurrer to the petition, filed in this court, to cancel and set aside the certificate issued in pursuance of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the order made in the state court. Want of power to grant the relief prayed for, because the matter in issue was adjudicated by a court of co-ordinate jurisdiction, and a construction of federal statutes which justified the admission of the respondent, is the reliance of her counsel.

Treating the judgment of the state court as an adjudication with the parties before it, and with authority to consider the subject-matter, we must refer to the general rule in such cases, for a judgment of this character must be given the same force and effect as that of any other judgment of a court of general jurisdiction.

In United States v. Walker, 109 U. S. 258, 266, 3 Sup. Ct. 277, 282, 27 L. Ed. 927, the Supreme Court had under consideration a principle applicable to the issues here.

It was there said:

"Although a court may have jurisdiction over the parties and the subject-matter yet if it makes a decree which is not within the powers granted to it by the law of its organization its decree is void."

So Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914, was discussed, and the following excerpt noted:

"The doctrine invoked by counsel, that when a court has once acquired jurisdiction it has a right to decide every question which arises in the case, and its judgment, however erroneous, cannot be collaterally assailed, is undoubtedly correct as a general proposition, but it is subject to many qualifications in its application. It is only correct when the court proceeds, after acquiring jurisdiction of the cause, according to established modes governing the class to which the case belongs, and does not transcend in the extent or character of its judgment the law which is applicable to it."

Again, the following from Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872, was quoted approvingly:

"It is no answer to this to say that the court had jurisdiction of the person of the prisoner and of the offense under the statute. It by no means follows that these two facts make valid, however erroneous it may be, any judgment the court may render in such case."

An erroneous finding or a mistake in judgment of a court having jurisdiction cannot be reviewed or reconsidered by one of no greater authority. Such courts cannot sit in review of the decisions of each other. United States v. Gleason (C. C.) 78 Fed. 396, and cases there cited, affirmed in 90 Fed. 778, 33 C. C. A. 272. But where a court goes beyond the limits which the law has fixed, it is coram non judice. Avegno v. Schmidt, 113 U. S. 302, 5 Sup. Ct. 487, 28 L. Ed. 976; Freeman on Judgments (4th Ed.) § 120c; Grignon v. Astor et al., 43 U. S. 337, 11 L. Ed. 283. In Voorhees v. Bank, 10 Pet. 450, 9 L. Ed. 490, it was said that the line which separates error in judgment from usurpation of power is very definite, and it was pointed out that in the latter case the judgment is a nullity.

It is with this principle in view that I proceed to an examination of the merits of the petition. Section 2166 of the Revised Statutes (U. S. Comp. St. 1901, p. 1331) was not repealed by Act June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 419). In re Loftus (C. C.) 165 Fed. 1002. That section provides that honorably discharged soldiers may be admitted to become citizens of the United

States upon petition without any previous declaration of intention. The argument is that the sixth subdivision of section 4 of the act of June 29, 1906, authorizes the widow of such soldier to succeed to his rights in virtue of his army service, such service and an honorable discharge being, it is contended, the equivalent of the declaration of intention. Boyd v. Thayer, 143 U. S. 135, 12 Sup. Ct. 375, 36 L. Ed. 103, has been cited as sustaining this view, but an examination of that case will show that it proceeded upon other grounds. Two classes of persons are provided for who may become citizens without declaring their intention: First. An honorably discharged soldier having the necessary qualifications as to residence. Second. The widow or minor children of one who has declared his intention to become a citizen, but who dies before he is actually naturalized. These are expressly named, and by a familiar rule, even if the statute were silent, others would be excluded.

To hold that the widow of an honorably discharged soldier may apply without declaring her intention is not only to ingraft another exception upon the law, but to bring it into direct conflict with the provisions of section 4 of the act of 1906, which expressly requires a declaration of intention. "That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise" is the language of the act, and this excludes by express language the exception insisted upon. No doubt a court possessed of jurisdiction of the person and of the subject-matter is authorized to make conclusive findings of fact, at least in the absence of fraud, but the rule to that effect cited by counsel laid down in the Cyclopedia of Law and Procedure, vol. 2, p. 114, as applied to the admission of an alien, is to be understood in the sense that the limits defined by law are strictly observed.

Jurisdiction is expressly conferred by section 15 of the act of 1906 to entertain a suit to cancel and set aside a certificate of citizenship procured through fraud or illegality. The superior court of Benton county acted upon the theory that as a matter of law the widow was entitled to admission as a citizen without declaring her intention. But clearly this was an erroneous construction. There was no authority of law for such procedure. It was void for want of it. The court exceeded its jurisdiction, and, having done so, this court, by virtue of the act of Congress, is empowered to cancel the certificate for illegality.

It has been suggested that the respondent may surrender her certificate and present a new petition. But the statutes do not seem to countenance this procedure, nor is it apparent how it could be of any practical benefit.

Demurrer overruled.