UNITED STATES v. PLAISTOW.

(District Court, W. D. New York. August 2, 1910.)

1. ALIENS (§ 65*)—NATURALIZATION—SERVICE IN MARINE CORPS—TERM.

 Act July 26, 1894, c. 165, 28 Stat. 124 (U. S. Comp. St. 1901, p. 1332), provided that an alien 21 years of age and upwards, who had served one enlistment in the United States Marine Corps and had been honorably discharged, might become a citizen without prior declaration of his intention to become such, and Naval Appropriation Act March 3, 1901, c. 852, 31 Stat. 1132 (U. S. Comp. St. 1901, p. 1095), reduced the term of en-

listment in the Marine Corps from five years to four. *Held*, that service of an entire term of enlistment was a jurisdictional prerequisite to citizenship by an alien who had enlisted in the Marine Corps and applied for citizenship without first declaring his intention to become a citizen, and he, having been discharged for a physical disability before the term of his enlistment expired, could not become a citizen by proving his good moral character and his honorable discharge.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 65.*]

2. ALIENS (§ 71½,* New, vol. 7, Key No. Series)—NATURALIZATION—CERTIFICATE OF CITIZENSHIP—CANCELLATION.

Naturalization Act June 29, 1906, c. 3592, § 15, 36 Stat. 601 (U. S. Comp. St. 1901, p. 485), provides that it shall be the duty of the United States district attorneys for the respective districts, on affidavits showing cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens, in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, to set aside and cancel a certificate of citizenship for fraud, or because the certificate was illegally procured. *Held*, that where a certificate of citizenship was issued by a state court to an alien who had not served a full term of enlistment in the Marine Corps, on a certificate of his honorable discharge and proof of good character, without his having previously declared his intention to become a citizen, such certificate was subject to vacation in a suit in a federal court at the instance of the United States.

Suit by the United States against Thomas Plaistow to cancel a certificate of citizenship. Application granted.

John Lord O'Brian, U. S. Atty.

J. L. Hurlbert, for defendant.

HAZEL, District Judge. [1] The facts in this case are not in dispute and only questions of law are in controversy. The government has filed its bill of complaint under section 15 of the naturalization act of June 29, 1906 (36 Stat. 601, c. 3592 [U. S. Comp. St. Supp. 1909, p. 485]), for decree canceling the certificate of citizenship of the defendant, Thomas Plaistow, who was born in England, and who, on June 23, 1903, enlisted in the United States Marine Corps, and subsequently, on July 2, 1906, at Mare Island Navy Yard, received his honorable discharge. During the period of his service, which continued for three years and eleven days, he was on duty in the Philippine Islands, in China, and in Japan, and his discharge was issued because of physical disability.

In the year 1909, he applied to the Supreme Court of the state of New York, in this judicial district, for citizenship, without having previously declared his intention to become a citizen. On the hearing at the regular term of court he offered in evidence his honorable discharge from the United States Marine Corps, asserting his right to citizenship upon giving evidence of his good moral character and without having previously obtained "first papers." The government objected to the issuance of an order of naturalization to him, on the ground that he had not served "one enlistment in the United States Marine Corps," and therefore he was not entitled to citizenship without first declaring his intention to become a citizen. Act July 26, 1894, c. 165, 28 Stat. 124 (U. S. Comp. St. 1901, p. 1332), provides as follows:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Any alien of the age of twenty-one years and upwards who has enlisted or may enlist in the United States Navy or Marine Corps, and has served or may hereafter serve five consecutive years in the United States Navy or one enlistment in the United States Marine Corps, and has been or may hereafter be honorably discharged, shall be admitted to become a citizen of the United States upon his petition, without any previous declaration of his intention to become such; and the court admitting such alien shall, in addition to proof of good moral character, be satisfied by competent proof of such person's service in and honorable discharge from the United States Navy or Marine Corps."

The court overruled the objection of the government, holding as a matter of law that he had served one enlistment in the Marine Corps, and a certificate of naturalization was issued to him. The defendant here contends that this court is without power to cancel the certificate of naturalization granted by the state court, and, if an error of judgment or of law was committed by the court admitting him to citizenship, the remedy was by appeal or review, and not by action in equity for annulment or cancellation of the certificate of naturalization. The question submitted is important, and a conclusion has been reached adverse to the contention of the defendant, though not entirely without difficulty or doubt.

At the time the act of 1894 was passed the term of enlistment in the Marine Corps was five years, but later Naval Appropriation Act March 3, 1901, c. 852, 31 Stat. 1132 (U. S. Comp. St. 1901, p. 1095), enacted:

"That hereafter the enlistment into the Marine Corps shall be for a period of not less than four years."

Whether such act was drawn to the attention of the state court for interpretation does not appear. Whatever may be the commonly accepted or technical definition of the term "enlistment," certainly the statute makes it clear that the contract of the defendant to voluntarily serve the government in the Marine Corps was for a definite and positive term of four years. His right to naturalization without any previous declaration of his intention to become a citizen depends upon the interpretation of both provisions. His actual service of one enlistment of four years was a jurisdictional fact, and in my opinion he could not be legally naturalized without strict compliance with the conditions imposed by Congress. As said in United States v. Spohrer (C. C.) 175 Fed. 440:

"He may accept the offer and become a citizen upon compliance with the prescribed conditions, but not otherwise. His claim is of favor, not of right. He can only become a citizen upon and after a strict compliance with the acts of Congress. An applicant for this high privilege is bound, therefore, to conform to the terms upon which alone the right he seeks can be enforced. It is his province, and he is bound, to see that the jurisdictional facts upon which the grant is predicated actually exist, and if they do not he takes nothing by his paper grant."

On reading the act of July 26, 1894, it will be noticed that aliens enlisting in the navy and applying for citizenship were required to show that they had served an enlistment of five consecutive years, where they had not previously declared their intention to become citizens, and Congress undoubtedly made no distinction between enlist-

ments in the Navy and in the Marine Corps; but its subsequent action of lessening the term of enlistment in the Marine Corps to four years operates to enable such aliens to become naturalized at the end of their enlistment and before the expiration of five years. Certainly it did not intend that an alien who received an honorable discharge within the four-year period should be entitled to naturalization without having declared his intention to become a citizen.

[2] This brings me to the next question, namely: Has this court power to annul or cancel the certificate of naturalization issued by the state court? The statute provides:

"That it shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured."

It is evident that Congress intended to provide procedure for the cancellation of certificates procured by fraud or illegally, irrespective of the statute of limitations on the fraudulent act, though it may be doubted whether the government is bound by the statute of limitations in actions for fraud, or whether the time to appeal or for review had expired. The doctrine that the decision of a court, even if erroneous, cannot be collaterally attacked, is not thought to have application to the facts under consideration; and, if we give effect to the present naturalization law, it must follow that the decision of the state court that the defendant was entitled to naturalization by virtue of his honorable discharge was a legal error, and the certificate was illegally procured by the defendant. U. S. v. Simon (C. C.) 170 Fed. 680.

There have been a number of decisions in the federal courts construing section 15 of the act of June 29, 1906, and save in one instance they have uniformly held that, where a certificate of naturalization is illegally granted by a state court, a District Court of the United States for the district in which the naturalized citizen resides has jurisdiction at the instance of the United States to cancel and vacate it. U. S. v. Nisbit (D. C.) 168 Fed. 1005; U. S. v. Mansour (D. C.) 170 Fed. 671; U. S. v. Simon, supra; U. S. v. Meyer (D. C.) 170 Fed. 983; U. S. v. Spohrer, supra; U. S. v. Schurr (D. C.) 163 Fed. 648; U. S. v. Van Der Molen (D. C.) 163 Fed. 650. All these cases, save two, relate to the personal fraud of the applicant; but the Nisbit, Meyer, and Van Der Molen Cases are directly in point.

In United States v. Nisbit, supra, the error related to the consideration by the court of depositions not taken in its presence and not given under the exception of section 10. In United States v. Meyer, supra, the state court held that the widow of an alien who had been honorably discharged as a soldier, but who died before naturalization, was entitled to admission as a citizen without declaring her intention; but Judge Whitson said:

"But clearly this was an erroneous construction. There was no authority of law for such procedure. It was void for want of it. The court exceeded

*its jurisdiction, and, having done so, this court, by virtue of the act of Congress, is empowered to cancel the certificate for illegality."*

In United States v. Van Der Molen, supra, the state court admitted to citizenship an alien before the two years had expired following the date of the declaration of intention. The court admitting the alien to citizenship, construing section 4 of the act, held that the two-year limitation applied to the date of admitting to citizenship and not to the time of filing application therefor. This construction in an action to cancel the certificate was held erroneous.

These cases, however, are not left entirely unchallenged (U. S. v. Anderson [D. C.] 169 Fed. 201); but the undoubted weight of authority is in favor of the holding that the act authorizes any court having jurisdiction to naturalize aliens to entertain jurisdiction of a suit of this description, and that an admission to citizenship through an erroneous construction of the act is an illegal procurement thereof. This court is naturally reluctant to hold that the judicial act admitting the defendant to citizenship by a court of equal jurisdiction may be nullified in an independent suit brought in this jurisdiction, for at first blush such an action would seem to present an anomalous situation. But Congress clearly intended to provide procedure for nullifying certificates fraudulently obtained, and for correcting misinterpretations or misapplications of the acts of the courts. The term "illegally procured" is not limited to irregularity of procedure, but also denotes the determination by the court contrary to law of the matter submitted to it. Tiedt v. Carstensen, 61 Iowa, 334, 16 N. W. 214.

It appearing herein that four years had not elapsed between the time when the defendant enlisted in the Marine Corps and his honorable discharge, the court is constrained to hold that the certificate of naturalization was unlawfully issued to him by the state court and must be canceled, as provided by section 15 of the naturalization act.