## UNITED STATES v. LELES.

(District Court, N. D. California, Second Division.   November 1, 1915.)

### No. 180.

1. ALIENS ⟨key⟩71½, New, vol. 7 Key-No. Series—NATURALIZATION—CANCELLA-
TION OF CERTIFICATE.
    Under Naturalization Act June 29, 1906, c. 3592, § 15, 34 Stat. 601
(Comp. St. 1913, § 4374), declaring that it shall be the duty of the United
States attorneys for the respective districts, upon affidavit showing good
cause therefor, to institute proceedings in any court, having jurisdiction
to naturalize aliens, in the district in which the naturalized citizen may
reside, for the purpose of setting aside and canceling the certificate of
citizenship on the ground of fraud, or on the ground that such disputed
citizenship was illegally procured, the purpose of the affidavit is merely
to furnish an authentic source or means through which the United States
attorneys may receive information, and is not intended as a pleading;
hence an affidavit stating that affiant was informed and believed that
defendant was not qualified to become a naturalized citizen, in that he
was not a person of good moral character for five years preceding his ap-
plication for naturalization, and that he procured naturalization in vio-
lation of law, is sufficient basis for a proceeding, though not stating the
facts with exactitude.

2. ALIENS ⟨key⟩71½, New, vol. 7 Key-No. Series—NATURALIZATION—CANCELLA-
TION OF CERTIFICATE.
    An affidavit, which was the foundation of a proceeding to cancel a
naturalization certificate and averred that the affiant was informed and
believed that defendant had procured naturalization in an illegal manner
and in violation of Naturalization Act, § 9 (Comp. St. 1913, § 4368), in that
the certificate was ordered on the testimony of witnesses, who were
not under oath, sufficiently charges the illegal procurement of the cer-
tificate, though the averments that defendant was not entitled to natu-
ralization, because he was not a person of good moral character for the
five years preceding his application, were not sufficient to base a charge
of fraud.

3. ALIENS ⟨key⟩71½, New, vol. 7 Key-No. Series—NATURALIZATION—CANCELLA-
TION OF CERTIFICATE.
    Under Naturalization Act, § 15, providing for the institution of pro-
ceedings for the cancellation of naturalization certificates when an affi-
davit showing good cause therefor shall be filed, the affidavit may be
made on information and belief.

4. ALIENS ⟨key⟩71½, New, vol. 7 Key-No. Series—NATURALIZATION—NATURE OF
PROCEEDINGS.
    A certificate of naturalization is a public grant of political privileges,
and, while partaking of the nature of a judgment, the sovereign power
may provide for its cancellation, whenever procured unlawfully or fraudu-
lently;  hence a proceeding under Naturalization Act, § 15, to cancel a cer-
tificate, cannot be defeated on the ground that the alleged invalidity con-
sisted merely of irregularities, which could be corrected on appeal.

Proceeding by the United States against John Leles to cancel a
certificate of naturalization issued to defendant.   On motion to dismiss.
Motion denied.

John W. Preston, U. S. Atty., of San Francisco, Cal.
Frank A. Duryea, of San Francisco, Cal., for defendant.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

VAN FLEET, District Judge. The United States attorney, having filed herein a petition or complaint, under section 15 of the Naturalization Act of 1906 (Act June 29, 1906, c. 3592, 34 Stat. p. 596 [Comp. St. 1913, § 4374]), to cancel a certificate of naturalization issued to the defendant, John Leles, on the ground that it was illegally and fraudulently procured to be issued, the defendant has moved to dismiss on the ground that the complaint does not state facts sufficient to constitute a cause of action. The motion proceeds upon the theory that the proceeding is equitable in character, and that such motion, rather than a demurrer, is the proper method to test the sufficiency of the pleading. As this theory is not challenged by the plaintiff, its correctness may, without deciding, be assumed, since the motion raises the same question as would arise under a general demurrer.

[1] The main attack is directed to the sufficiency of the affidavit lodged with the United States attorney, which is attached to the complaint as an exhibit, it being treated by the defendant as an essential feature of the pleading and its sufficiency as jurisdictional; the objection being (1) that it does not state facts sufficient to warrant the bringing of the proceeding, and (2) that it is insufficient, because based upon information and belief, and not the personal knowledge of the affiant.

In the first place, I do not regard the affidavit as jurisdictional in any such extreme sense as that contended for, and am not prepared to say that it furnishes the only competent basis for bringing such an action. But, treating it as a feature of the pleading to which it is attached, I think it not open to the objections urged. Section 15 of the act, which alone refers to the affidavit, or indicates its purpose or function, provides:

"That it shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured."

The sole purpose apparently of the affidavit is to furnish an authentic source or means through which the United States attorney of the district may receive information upon which he may rely, of a violation of the statute. If the disclosures of the affidavit are such as to show "good cause"—that is, facts which, if sustained by proof, would afford ground for revoking the grant of citizenship involved, either for fraud or illegality—it is made his duty to proceed and institute proceedings to have the validity of the grant judicially investigated and determined. When it has accomplished this purpose of putting the wheels of justice in motion, the affidavit would seem to have fulfilled its office, and so far as anything appearing in the act to the contrary, becomes functionless. It is obviously not intended to serve as a pleading, since, in requiring a "suit" to be brought, the statute contemplates the filing of a formal complaint. Not being a pleading, it need not state its contents with the exactitude of one, but, like any affidavit, the form of which is not prescribed, is sufficient if the substantive matter

required be presented, however informally or inartificially stated. The affidavit here involved would seem to measure up to these requirements. After the preliminary recitals the material portions are these:

"The affiant further states that he is informed and believes that the said John Leles was not qualified to become a naturalized citizen of the United States, in that he was not a person of good moral character for the five years immediately preceding the date of his application for naturalization in the above referred to court.

"The affiant further states that he is informed and believes that the said John Leles procured naturalization in an illegal manner and in violation of section 9 of the act of June 29, 1906 (34 Stat. part 1, p. 596), in this respect, to wit, that the court ordered, adjudged, and decreed the said John Leles a citizen of the United States upon the testimony of witnesses who were not examined under oath in open court, before the court, and in the presence of the court, nor was their testimony taken by deposition in the manner prescribed in section 10 of the act of June 29, 1906 (34 Stat. part 1, p. 596)."

[2] Passing the question whether these statements are sufficient upon which to base a charge of fraud in procuring the certificate, they clearly, in my judgment, present a case showing such a departure from the requirements of the statute, as to the mode of procedure, as to make a case of a certificate "illegally procured." If it disclose either ground, it is sufficient. Section 15, supra; U. S. v. Nisbet (D. C.) 168 Fed. 1006; U. S. v. Simon (C. C.) 170 Fed. 680; U. S. v. Meyer, Id., 982; U. S. v. Plaistow (D. C.) 189 Fed. 1006. As stated by Judge Hanford in the Nisbet Case:

"The ninth section of the act of Congress above referred to, under which the petition for naturalization was filed, is specific and mandatory in requiring that the hearing should be in open court, and that the applicant and witnesses should be examined under oath 'before the court and in the presence of the court'; and, except as provided in the tenth section, the court was not authorized to receive or consider evidence taken by depositions out of the presence of the court. Without the depositions, there was a lack of evidence to establish the facts necessary to entitle the defendant to become a naturalized citizen of the United States. The manifest intention of Congress, in the enactment of the naturalization law of 1906, was to prescribe rigid rules to be observed by the courts in naturalization proceedings and to correct the abuse of laxity in such proceedings. Therefore a court may not, in the exercise of assumed discretionary power, admit an alien to citizenship who has failed to establish his right by the kind of evidence which the statute demands."

This would seem to be a correct construction of the act, and the other cases cited will be found to be in harmony with that view. The suggestion in United States v. Luria (D. C.) 184 Fed. 643, imputing a somewhat different meaning and effect to the phrase "illegally procured," was made in a case where that feature of the act was not involved, and what is there said on the subject of its meaning must therefore be regarded as obiter.

[3] Nor do I perceive any good reason why the facts stated in an affidavit of this character may not be made on information and belief; the statute being silent upon the subject, and the proceeding being strictly civil, and not criminal. The provision requiring the affidavit must have a reasonable construction, that will enable it to have application to the varying circumstances under which it may be desirable

to invoke it. In the very nature of things, many instances are likely to arise where, although there is good reason to believe the statute has been violated, the agent making the investigation and swearing to the affidavit is without personal knowledge of the facts, and there is no one having such knowledge willing to be sworn. The statute would prove impotent indeed if, in such a case, it could not be put in motion for want of some one with personal knowledge of the facts constituting the particular fraud or illegality. As suggested in Leigh v. Green, 64 Neb. 533, 90 N. W. 255, 101 Am. St. Rep. 592:

"Where a showing by affidavit is required as to facts which are necessarily matters of information and belief, an affidavit on information and belief ought to suffice. The statute should receive a construction in accordance with common sense. It was not intended to require perjury, and, as it requires affidavits as to matters involving legal opinions and conclusions of law and fact, it must contemplate that such affidavit will be made upon the only basis on which such opinions and conclusions can be reached."

This language is peculiarly applicable to the character of facts required to be inquired into under this statute for the information of the district attorney. They are, in their very nature, of a character of which personal knowledge may not readily be had, and will frequently depend for their value upon their legal effect. See, also, Smith v. Collis, 42 Mont. 350, 112 Pac. 1070, Ann. Cas. 1912A, 1158; 2 Corpus Juris, § 87, p. 355, and cases cited.

[4] It is further urged that the complaint discloses upon its face that the matters counted upon as the basis of the alleged invalidity of the defendant's certificate of naturalization are in the nature merely of irregularities in the proceedings of the court, which may only be corrected on appeal, and, further, that the order of the court granting naturalization is in the nature of a final judgment, which likewise may be attacked only by direct appeal therefrom, and is not open to collateral attack. But these contentions are fully met and negatived by the principles announced in Johannessen v. U. S., 225 U. S. 227, 238, 32 Sup. Ct. 613, 615 (56 L. Ed. 1066) where it is held that an adjudication like that here involved, while in some respects partaking of the nature of a judgment, "is in its essence an instrument granting political privileges, and open, like other public grants, to be revoked if and when it shall be found to be unlawfully or fraudulently procured," and that "the act in effect provides for a new form of judicial review of a question that is in form, but not in substance, concluded by the previous record, and under conditions affording to the party whose rights are brought into question full opportunity to be heard," and it is held that the act is, in this respect, a proper exertion of the legislative will.

The motion to dismiss is denied.