**UNITED STATES of America**

v.

**Frank COSTELLO.**

United States District Court
S. D. New York.
Dec. 9, 1955.

See also 142 F.Supp. 290.

Paul W. Williams, U. S. Atty. for Southern Dist. of New York., New York City, Alfred Peter O'Hara, Asst. U. S. Atty., New York City, of counsel, for plaintiff.

Jack Wasserman, Washington, D. C., and George Wolf, New York City, for defendant.

DAWSON, District Judge.

This is a motion to dismiss this action on the grounds that (1) the plaintiff did not file an affidavit of good cause pursuant to 8 U.S.C. § 738 [1] at the time of filing the complaint herein or within a reasonable time thereafter, and (2) the affidavit of good cause filed herein is insufficient.

The complaint in the action was filed on October 22, 1952. The papers submitted on this motion show that at the time of the commencement of this action, an affidavit of good cause dated September 25, 1952, sworn to by Maurice A. Roberts, an attorney of the Immigration and Naturalization Service, United

[1]. Nationality Act of 1940, § 338(a), now 8 U.S.C.A. § 1451(a).

States Department of Justice, was in the possession of the United States Attorney for this District. It furthermore appears that this affidavit was filed in this Court on November 17, 1955. A copy of the affidavit has been presented upon the motion.

While it is a prerequisite to the institution of a proceeding of this nature that an affidavit of good cause be in the possession of the United States Attorney[1] and it has been held that it is a requirement that such affidavit be filed,[2] it is not a prerequisite that that affidavit be filed at the time the action is instituted. Thus, in the Zucca case, the Court simply directed that the action for denaturalization be dismissed unless the government filed the affidavit of good cause within fifteen days. See also United States v. Candela, D.C.S.D.N.Y.1954, 131 F.Supp. 249 where the Court denied the application to dismiss the proceeding but directed that the government, within ten days, should file the affidavit of good cause.

An affidavit of good cause has been filed in this case and the defendant has not been prejudiced by the delay in filing it. There is no requirement in the law that the affidavit of good cause must be filed at the time of filing the complaint. If the affidavit is filed in such time that the defendant can test its sufficiency, no prejudice results in this later filing of the affidavit.

The defendant in this motion now seeks to test the sufficiency of the affidavit of good cause on file in this action. The attack upon the sufficiency of the affidavit is made upon the basis that Maurice A. Roberts, who made the affidavit, had no personal knowledge of the facts stated in the affidavit and made his allegations solely upon the basis of "the official records" of the Immigration and Naturalization Service. The affidavit states such facts as would, if supported by evidence, appear to afford legal grounds for the cancellation of the naturalization of the defendant. An affidavit of good cause in such a proceeding is not a pleading. Its sole purpose is to furnish an authentic source through which the United States Attorney may receive information, upon which he may rely, of a violation of the statute. Not being a pleading, the affidavit need not state its contents with exactitude, but it is sufficient that the substantive matter required be presented, no matter how informally or inartificially stated. United States v. Leles, D.C.N.D.Cal.1915, 227 F. 189. Nor is the fact that the affidavit is not made on personal knowledge but merely represents a summary of matters which the affiant found in the files of the Immigration and Naturalization Service a ground for questioning the sufficiency of the affidavit. United States v. Chandler, D.C.D.Md.1955, 132 F.Supp. 650; United States v. Leles, supra.

The motion to dismiss is denied.

So ordered.

---

1. Nationality Act of 1940, § 338(a), now 8 U.S.C.A. § 1451(a).

2. United States v. Zucca, D.C.S.D.N.Y. 1954, 125 F.Supp. 551, affirmed 2 Cir., 1955, 221 F.2d 805.