## In re LOFTUS.

(Circuit Court, S. D. New York. December 14, 1908.)

ALIENS (§ 68*) — NATURALIZATION — HONORABLY DISCHARGED SOLDIERS — EVI-
DENCE.

Rev. St. § 2166 (U. S. Comp. St. 1901, p. 1331), relating to the naturalization of aliens who are honorably discharged soldiers of the United States, which requires proof of residence and good moral character "as now provided by law," was not affected by the provision of Naturalization Law June 29, 1906, c. 3592, § 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 420), requiring two witnesses to residence and good character, and proof to the satisfaction of the court, as required by Rev. St. § 2165 (U. S. Comp. St. 1901, p. 1330), is sufficient.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 141; Dec. Dig. § 68.*]

Application for Naturalization.

Patrick J. Loftus, in pro. per.

Henry L. Stimson, U. S. Atty.

WARD, Circuit Judge. The petition for naturalization in this matter was filed under Rev. St. U. S. § 2166 (U. S. Comp. St. 1901, p. 1331), by an honorably discharged soldier, and notice posted of hearing to be had at a stated day at least 90 days thereafter, in entire accordance with Act June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 419); but only one of the witnesses named appeared at the final hearing. The petitioner produced an honorable discharge from the service of the United States army. It was shown that he is now a gateman in the employment of the Interborough Rapid Transit Company, and that he resided for more than a year prior to his application within the United States and is a man of good moral character. The United States attorney objected on the ground that he had but one witness as to residence and good character, and should have two, in accordance with the act of June 29, 1906, section 4 which provides:

"That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise."

The petition is under section 2166 of Rev. St. U. S., enacted by Act July 17, 1862, c. 200, 12 Stat. 597, as follows:

"Any alien, of the age of twenty-one years and upward, who has enlisted. or may enlist, in the armies of the United States, either the regular or the

---

volunteer forces, and has been, or may be hereafter, honorably discharged, shall be admitted to become a citizen of the United States, upon his petition, without any previous declaration of his intention to become such; and he shall not be required to prove more than one year's residence within the United States previous to his application to become such citizen; and the court admitting such alien shall, in addition to such proof of residence and good moral character, as now provided by law, be satisfied by competent proof of such person's having been honorably discharged from the service of the United States."

In 1862 the law contained no provisions as to the number of witnesses, but merely required that:

"It shall be made to appear to the satisfaction of the court admitting such alien that he has resided within the United States five years at least and within the state or territory where such court is at the time held one year at least and that during that time he has behaved as a man of good moral character attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same but the oath of the applicant shall in no case be allowed to prove his residence." Rev. St. U. S. § 2165 (U. S. Comp. St. 1901, p. 1330).

Although the general act of 1906 expressly repealed various provisions of existing law, it made no mention of section 2166, which specially regulated the admission of honorably discharged soldiers. Congress must have intended that the admission of this class of aliens should continue to be regulated by section 2166. I do not think the two acts irreconcilable, and both should be given effect as far as possible. Congress probably regarded honorably discharged soldiers as a special class, as to whom precautions generally necessary were not required. This would be natural as to applicants who had actually been in the service of the United States and as to whose good character the officers of the United States had certified. As section 2166 expressly confines the proof in their case to such as is "now provided by law," I think that, consistently with the act of 1906, they may still be admitted under section 2166, with the degree of proof required by it.

The section does not say that the proof of residence and character shall be as provided by law, or as now or hereafter provided by law, but as now provided by law. Effect should be given to the word "now" if possible, and this can be done by treating the law existing in 1862 upon these points as incorporated into section 2166, notwithstanding the fact that the general naturalization act of 1802, of which they were a part, has been repealed. All the other provisions of the act of 1906, not being otherwise expressly regulated in the section, will be applicable to honorably discharged soldiers, viz., the form and contents of the petition, the oath in open court, the public notice of the petition, and hearing on a stated day, not less than 90 days after filing, the exclusion of anarchists and polygamists, etc.

The petition is granted.