## In re McNABB.

(District Court, D. Oregon. December 6, 1909.)

1. ALIENS (§ 65*)—NATURALIZATION—HONORABLY DISCHARGED SOLDIER.

Naturalization of an alien, who is an honorably discharged soldier of the United States army, is expressly authorized by Rev. St. § 2166 (U. S. Comp. St. 1901, p. 1331).

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 129; Dec. Dig. § 65.*]

2. ALIENS (§ 68*)—NATURALIZATION—HONORABLY DISCHARGED SOLDIER—PETITION—VERIFICATION—WITNESSES.

Act Cong. June 29, 1906, c. 3592, § 10, 34 Stat. 599 (U. S. Comp. St. Supp. 1909, p. 482), providing that a naturalization petition shall be verified by the affidavits of at least two credible witnesses, who shall state that they have personally known the applicant to be a resident of the United States for at least five years continuously, and of the state in which the application is made for at least a year immediately preceding the date of filing the petition, is inapplicable to the petition of an honorably discharged soldier, applying for naturalization under Rev. St. § 2166 (U. S. Comp. St. 1901, p. 1331), on proof of one year's residence only within the United States, without being required to make a previous declaration of intention or prove residence in the state in which he applies for naturalization for any specified time.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 142, 143; Dec. Dig. § 68.*]

3. ALIENS (§ 68*)—NATURALIZATION—HONORABLY DISCHARGED SOLDIER—STATUTES—"NOW."

Rev. St. § 2166 (U. S. Comp. St. 1901, p. 1331), providing for the naturalization of aliens honorably discharged from military service on proof of one year's residence in the United States, requires that the court shall, in addition to such proof of residence and good moral character as "now" provided for by law, be satisfied by competent proof of the applicant having been honorably discharged from service of the United States. *Held,*

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the word "now" is limited to the laws existing at the enactment of the statute, and did not include subsequent enactments.

[Ed. Note.—For other cases, see Aliens, ·Cent. Dig. § 141; ˙Dec. Dig. § 68.*

For other definitions, see Words and Phrases, vol. 5, pp. 4851–4853.]

4. ALIENS (§ 68*)—NATURALIZATION—HONORABLY DISCHARGED SOLDIER.

On application by an honorably discharged soldier for naturalization, as authorized by Rev. St. § 2166 (U. S. Comp. St. 1901, p. 1331), his proof of residence within the United States for one year prior to his application may be made by depositions; Act Cong. June 29, 1906, c. 3592, § 10, 34 Stat. 599 (U. S. Comp. St. Supp. 1909, p. 482), authorizing the taking of depositions in naturalization proceedings, being sufficiently broad to permit depositions to be taken without the state whenever it is essential to prove residence beyond the state.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 141; Dec. Dig. § 68.*]

Petition by William·Crichten McNabb for naturalization.  Granted.

John McCourt, U. S. Atty.

WOLVERTON, District Judge.  William Crichten McNabb petitioned to be naturalized a citizen of the United States in the usual form, but his petition is not verified by two or any witnesses.  Notice was given of the filing of the petition, and of the time fixed for hearing, for the requisite 90 days.  Depositions were taken touching residence, moral character, and fitness to become a citizen, upon notice to the United States district attorney given in accordance with the regulations of the Department of Commerce and Labor, Bureau of Immigration and Naturalization, Division of Naturalization, which designated the person before whom the same should be taken and certified. Objection is interposed to the admission of the petitioner upon two grounds:  First, that the petition does not contain the verification of two witnesses as required by Act June 29, 1906, c. 3592, § 10, 34 Stat. 599 (U. S. Comp. St. Supp. 1909, p. 482); and, second, that it is not competent for the petitioner to make proof of his qualifications to become a citizen by depositions.

The petitioner is an honorably discharged soldier.  This fact is proven by the production of his discharge.  Section 2166, Rev. St. U. S. (U. S. Comp. St. 1901, p. 1331), provides for the admission to citizenship of such a person.  By that section he is relieved from the necessity of making previous declaration of intention, as is required in ordinary cases, and he need prove but one year's residence within the United States.  No time is specified for proof of residence within the state in which he applies for admission to citizenship.  The late statute of 1906 requires that the petition shall be verified by the affidavits of at least two credible witnesses, who shall state that they have personally known the applicant to be a resident of the United. States for the period of at least five years continuously, and of the state in which the application is made for the period of at least one year immediately preceding the date of the filing of the petition.

It is at once manifest that such a showing is wholly inapplicable to the case of an honorably discharged soldier, because he is neither re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

quired to have been a resident of the United States for five years nor of the state for one year continuously. What, then, must have been the purpose of Congress in such a case? The answer is satisfactorily given by Ward, Circuit Judge, in Re Loftus (C. C.) 165 Fed. 1002. He holds that section 2166 must still be read in connection with the old section 2165 (U. S. Comp. St. 1901, p. 1330), which was the law at the time the former section was adopted, and this by reason of the words "as now provided by law," used in section 2166 in relation to the manner of proof of residence and the character of the applicant; the word "now" having relation to the law then in existence, and not to something that might receive the sanction of Congress thereafter. This is reasonable, and proceeds from the fact that by the act of 1906 Congress expressly repealed other sections of the naturalization law, but left this to stand, so that it cannot be said that the section was either repealed or amended by implication. There can be no doubt, as to that section, that it permits the naturalization of an honorably discharged soldier in the state of his present residence, whether he has resided in that state a full year or not. It is sufficient that he shall have resided within the United States for that length of time. To require him to produce two witnesses that he has resided within the state for one year last past would be to exact of him what the law does not require him to show to entitle him to citizenship. The requirement is therefore inconsistent with the provisions of section 2166. But, if we are to look to the old law, the procedure is plain. While it is necessary that he file his petition, because this proviso is not repugnant to anything contained in section 2166, it is not required that he accompany it with the verification of two witnesses. Otherwise the practice would impose upon him larger obligations than section 2166, under which he is entitled to admission. The first objection is therefore untenable.

As to the second objection, under the previous law, which we now read in connection with section 2166, it was essential that the facts of residence, moral character, and attachment to this government should be made to appear to the satisfaction of the court; but how is not specifically prescribed. The usual way is by oath and examination in open court. But there is nothing in the law inhibitive of making the proof by deposition. The satisfaction of the court might be had, it must be conceded, by either method of proof. Nor is it necessary that two witnesses be produced, if otherwise the court may be sufficiently advised. Such was the case in Re Loftus, supra. But the authority for taking the depositions at all is questioned. It is said that section 10 of the act of 1906, wherein is found the only provision for taking depositions, provides only for that form of proof as it relates to the remaining portion of residence after proof is made in the usual way of one year's residence within the state where application is made. I think, however, this section is reasonably susceptible of the broader construction allowing depositions to be taken outside of the state whenever it is essential to prove residence beyond the state.

That the applicant is of good moral character, attached to the principles of the Constitution of the United States, and is well disposed to the good order and happiness of the same, is proven to the satisfaction

of the court by applicant's certificate of honorable discharge from the service of the United States and his own examination under oath in open court. For these reasons, the second objection is also without merit.

The applicant, McNabb, will be admitted to citizenship upon taking the oath, in open court, required of him by law.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes