UNITED STATES v. PETERSON.

(Circuit Court of Appeals, Eighth Circuit. October 11, 1910.)

No. 3,318.

ALIENS (§ 68*)—NATURALIZATION—PROCEEDINGS — TIME—MEMBER OF NAVY OR MARINE CORPS.

Act Cong. June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1909, p. 477), to provide for a uniform rule for the naturalization of aliens throughout the United States, declares, in section 4, that an alien may be admitted to become a citizen of the United States in the following manner, and "not otherwise." *Held*, that the provision of such act requiring notice of the petition to be posted for 90 days prior to hearing was applicable to an alien applying for citizenship under Act Cong. July 26, 1894, c. 165, 28 Stat. 124 (U. S. Comp. St. 1901, p. 1332), providing that service in the navy or marine corps for a specified term, and honorable discharge, shall be counted as residence, and shall entitle an alien having other necessary requisites to citizenship.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 68.*]

In Error to the Circuit Court of the United States for the District of Minnesota.

Application by Charles Peterson for admission to citizenship. From an order granting the application, the United States brings error. Reversed.

Charles C. Houpt, for the United States.

Before HOOK and ADAMS, Circuit Judges, and REED, District Judge.

ADAMS, Circuit Judge. This writ of error is prosecuted to secure a review of an order admitting Charles Peterson to citizenship. His application was made under the provisions of the naval appropriation act, approved July 26, 1894 (Act July 26, 1894, c. 165, 28 Stat. 124 [U. S. Comp. St. 1901, p. 1332]), which reads as follows:

"Any alien of the age of twenty-one years and upward who has enlisted or may enlist in the United States navy or marine corps, and has served or may hereafter serve five consecutive years in the United States navy or one enlistment in the United States marine corps, and has been or may hereafter be honorably discharged, shall be admitted to become a citizen of the United States upon his petition, without any previous declaration of his intention to become such; and the court admitting such alien shall, in addition to proof of good moral character, be satisfied by competent proof of such person's service in and honorable discharge from the United States navy or marine corps."

His petition, disclosing facts bringing him within the purview of this statute, was called for hearing on August 23, 1909, 13 days only after it was filed. A representative of the government appeared, as he was authorized to do by the general appropriation act of March 4, 1907 (Act March 4, 1907, c. 2918, 34 Stat. 1295, 1361), and objected to the hearing, on the ground that notice thereof had not been posted for 90 days as required by section 5 of the act of June 29, 1906 (Act June 29, 1906, c. 3592, 34 Stat. 596 [U. S. Comp. St. Supp. 1909, p. 477]). The trial court overruled this objection, heard the evidence, and made an order admitting him to citizenship. Was this error?

*For other cases same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

182 F.—19

The provision of the appropriation act in question was made obviously for the purpose of putting our sailors on a party with our soldiers., It·relieved·the former, as it had already relieved the latter (section 2166, Rev. St. 1878 [U. S. Comp. St. 1901, p. 1331]), from the performance of certain conditions like declaration of intention, residence in the United States and state and perhaps others of like character. It made no provision. for securing an adjudication of the right to citizenship, but left existing procedure for that purpose (section 2165 et seq., Rev. St. 1878 [U. S. Comp. St.·1901, p. 1329]) unaffected. Subsequently, in 1906, the general provisions of the Revised ·Statutes governing procedure were repealed, and the act of June 29, 1906, substituted. The title to the last-mentioned act discloses that it was intended to apply generally. It reads:

"An act to establish a Bureau of Immigration and Naturalization, and to provide for a uniform rule for the naturalization of aliens throughout the United States."       .:

Section 4 provides: .

*That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise."

Then follow certain provisions concerning the character of the petition to be filed in court, after which comes section 5, which reads thus:

"That the clerk of the court shall, immediately after filing the petition, give notice thereof by posting in a public and conspicuous place in his office, or in the building in which his office is situated, under an appropriate heading, the name, nativity, and residence of the alien, the date and place of his arrival in the United States, and the date, as nearly as may be, for the final hearing of his petition, and the names of witnesses whom the applicant expects to summon in his behalf; and the clerk shall, if the applicant requests it, issue a subpœna for the witnesses so named by the said applicant to appear upon the day set for the final hearing, but in case such witnesses cannot be produced upon the final hearing other witnesses may be summoned."

There appears to be no repugnance between the provisions of the act of 1894 and those of the act of 1906. The first confers the right and the second the remedy. The fundamental title to the right, whether by virtue of having been a soldier or a sailor or having resided in this country the specified number of years, may require some little variation in the averments of the petition or notice to be given; but it is not perceived how this circumstance prevents the application of both acts to a case like the present.

Under the old law (section 2165 et seq.) an alien could present his petition for naturalization to the court· and have it heard forthwith, without notice to the government, and ex parte. As a natural result gross abuses intervened and much fraudulent naturalization followed. An illustration is found in the cases of Barrett, Dolan, and Garrett v. United States, 69 C. C. A. 274, 133 Fed. 440. To correct these abuses the act of 1906 was enacted. This required great particularity in allegations of the petition disclosing the right to naturalization, publication of notice for 90 days of the filing of the petition and of the time when it would be heard in court, and a public trial with a representative of the government present and participating.

It is not perceived why all this salutary procedure is not as apposite to the case where an alien founds his right to citizenship on service in the army or navy as where he founds it on continued residence in this country for the required period of time. It is quite conceivable that a discharged soldier or sailor might be a polygamist or an anarchist or otherwise fall within the prohibitions of the act of 1906, and it is not likely that Congress intended to exempt them from the rigorous investigation provided for in that act. The language there employed is comprehensive and emphatic. A "uniform rule" is provided. "An alien" may be admitted to citizenship in the manner prescribed, "and not otherwise."

A wise public policy undoubtedly inspired the enactment of this law. Its intent, gathered from the unambiguous language employed, subjects all aliens to a public, drastic, and thorough examination touching their qualifications for citizenship before that priceless boon is conferred upon them. It is not our province to thwart this public policy by reading unwarranted or doubtful exceptions into the act.

The order appealed from is reversed, and the case is remanded for further proceedings.