In re LEICHTAG.

(District Court, W. D. Pennsylvania. February 18, 1914.)

No. 10,518.

ALIENS (§ 65*)—NATURALIZATION—QUALIFICATION—RESIDENCE.

Under Rev. St. § 2166 (U. S. Comp. St. 1901, p. 1331), providing that any alien who may enlist in the United States Army and be honorably discharged shall be admitted to citizenship without any previous declaration of his intention to become such, and that he shall not be required to prove more than one year's residence within the United States previous to his application, and Naturalization Act June 29, 1906, c. 3592, § 4, pars. 2, 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 529), requiring proof that applicants for citizenship have resided in the United States for at least five years and in the state for at least one year immediately preceding the filing of the petition, an honorably discharged soldier need not have been a resident of the state for one year; section 2166 not having been expressly or impliedly repealed by the Naturalization Law.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 129; Dec. Dig. § 65.*]

Application of citizenship by Joseph Leichtag. Application granted.

W. M. Ragsdale, of Pittsburgh, Pa., for the United States.

ORR, District Judge. The sole question now before us is whether or not an honorably discharged soldier may be granted citizenship without proving one year's residence in the state in which his application is filed.

The Act of June 29, 1906, 34 St. at Large 596, commonly called the "Naturalization Law," was intended to provide a uniform system for the naturalization of aliens. It, however, nowhere either expressly or by implication repealed section 2166 of the Revised Statutes (U. S. Compiled Statutes 1901, p. 1331). This is the view taken in the cases hereinafter referred to.

Section 2166 of the Revised Statutes is as follows:

"Any alien, of the age of twenty-one years and upward, who has enlisted, or may enlist, in the armies of the United States, either the regular or the volunteer forces, and has been, or may be hereafter, honorably discharged, shall be admitted to become a citizen of the United States, upon his petition, without any previous declaration of his intention to become such; and he shall not be required to prove more than one year's residence within the United States previous to his application to become such citizen; and the court admitting such alien shall, in addition to such proof of residence and good moral character, as now provided by law, be satisfied by competent proof of such person's having been honorably discharged from the service of the United States."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It will be noticed that there is no requirement in said section that the applicant shall have resided longer in the United States than one year, and that there is no provision for residence of any length of time within the state in which his application shall be made.

The Naturalization Law, in the second paragraph of section 4, provides, among other things, for affidavits of at least two credible witnesses, who are citizens of the United States, who shall state in their affidavits that they have personally known the applicant to be a resident of the United States for a period of at least five years continuously, and of the state, territory, or district in which the application is made for a period of at least one year immediately preceding the date of the filing of his petition. In the fourth paragraph of section 4 it is provided, among other things, that it shall be made to appear to the satisfaction of the court that the applicant "has resided continuously within the United States five years at least, and within the state or territory, where such court is at the time held one year at least."

The question now before us has been ruled by the District Court for the District of Oregon. In re MacNabb, 175 Fed. 511. That court by Judge Wolverton held that the Naturalization Law, in so far as it provided for proof of residence as therein required, is inapplicable to the petition of an honorably discharged soldier applying under section 2166 of the Revised Statutes on proof of one year's residence within the United States.

In Re Loftus, 165 Fed. 1002, the Circuit Court for the Southern District of New York by Judge Ward had before it the case of an honorably discharged soldier who appeared with only one witness. Notwithstanding the provisions in the act of 1906 that two witnesses should appear, Judge Ward admitted the applicant in the case before him because of the provision in section 2166 for proof "as now provided by law." The provision at the time of the adoption of section 2166 did not embrace the number of witnesses that should be produced. In other words, he gives effect to the word "now" in section 2166. We agree with his language as follows:

"Although the general act of 1906 expressly repealed various provisions of existing law, it made no mention of section 2166, which specially regulated the admission of honorably discharged soldiers. Congress must have intended that the admission of this class of aliens should continue to be regulated by section 2166. I do not think the two acts irreconcilable, and both should be given effect as far as possible. Congress probably regarded honorably discharged soldiers as a special class, as to whom precautions generally necessary were not required. This would be natural as to applicants who had actually been in the service of the United States and as to whose good character the officers of the United States had certified."

Section 2166 of the Revised Statutes was before the Court of Appeals for the Eighth Circuit in United States v. Peterson, 182 Fed. 289, 104 C. C. A. 571. The decision in that case is not inconsistent with the cases hereinbefore cited. It recognizes that section 2166 was not repealed by the Naturalization Law, but holds that because there was no provision in the law for securing an adjudication of the right to citizenship existing procedure must be followed. Therefore it held that the provisions of the Naturalization Act requiring posting of the

petition for 90 days prior to hearing was applicable to an honorably discharged soldier. Procedure, however, is distinct from evidence and proof. In the case at bar the procedure has been in accordance with the act of 1906. The evidence offered has been in compliance with section 2166. The applicant, having furnished proof that he has resided for one year within the United States previous to his application, and proof of his good moral character, and proof that he has been honorably discharged from the service of the United States, is entitled to citizenship, notwithstanding the fact that he has not resided within the state of Pennsylvania one year before the filing of his petition.