## In re STERBUCK.

(District Court, D. Minnesota, Fourth Division. September 26, 1914.)

1. ALIENS ⬳65—NATURALIZATION—DISCHARGE FROM NAVY—CONSTRUCTION OF STATUTE.

Naval Appropriation Act June 30, 1914, c. 130, 38 Stat. 395, provides that any alien otherwise qualified for admission to citizenship, who has served for one enlistment of not less than four years in the navy or marine corps, and has received therefrom an honorable discharge, or an ordinary discharge with recommendation for re-enlistment, shall be admitted to become a citizen upon his petition without any previous declaration of intention and without proof of residence on shore, that his discharge shall be accepted as proof of good moral character, and that any court of competent jurisdiction may immediately naturalize such alien. Under the law as it then stood a person serving a term of four years in the navy or marine corps and receiving an honorable discharge, or an ordinary discharge with recommendation for re-enlistment, on re-enlistment within four months was entitled to a certificate of continuous service and increased pay, but by a department ruling such benefits were only allowable to citizens. *Held,* that such provision was especially designed to enable aliens coming within its terms and desiring to re-enlist to become naturalized at once and thus secure the increased pay; that, construed in connection with other statutes in force, it did not entitle such an alien, who, without any intention of re-enlisting, waited a period of years before filing his petition, to become naturalized without complying with the requirements of the general statute by posting his petition for 90 days, proving his residence since his discharge and his good moral character during that time.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 129; Dec. Dig. ⬳65.]

2. ALIENS ⬳68—NATURALIZATION—DISCHARGE FROM NAVY—STATUTE GOVERNING.

So much of such provision, however, as reduces the length of service necessary to entitle the petitioner to naturalization without previous declaration of intention to four years, instead of five years, as fixed by Act July 26, 1894, c. 165, 28 Stat. 124, which relates only to the quantum of proof, may be taken advantage of by an applicant whose petition is heard after its enactment, although it was filed prior thereto.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. ⬳68.]

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of the petition of John Sterbuck for naturalization. Petition granted.

BOOTH, District Judge. On the hearing of this petition the chief examiner objected to the admission of the petitioner for citizenship. It appeared from the evidence that the petitioner, Sterbuck, filed his petition for naturalization on May 25, 1914. It is fairly apparent from the petition itself that it was the intention of the petitioner to make his application under the act of July 26, 1894, although the wording of the petition is not in strict accordance with the requirements of the naturalization regulations bearing upon such a petition. The evidence showed that the usual posting was had, but that no declaration of intention had ever been filed by the petitioner. It further appeared from documentary proof that the petitioner had served in the United States navy from July 25, 1905, to July 24, 1909, and received an honorable discharge. The evidence further showed the residence of the petitioner within the United States since August 1, 1909, and in the state of Minnesota for more than one year next preceding the filing of the petition. Evidence was also received in proof of good character of the petitioner covering a period from August 1, 1909, down to the time of the hearing.

The position taken by the chief examiner is that the petitioner is not entitled to be admitted as a citizen, either under the provisions of the act of July 26, 1894, or under the provisions of the act of June 29, 1906, or under the provision of the act of June 30, 1914. It is evident that the petitioner has not in his proof fulfilled the requirements of the act of June 29, 1906 (34 Stat. 596, c. 3592). No declaration of intention was filed, as required by that act, and there was no allegation or proof of five years' residence in the United States next prior to the filing of the petition. It is plain, therefore, that the applicant is not entitled to be admitted as a citizen solely under the provisions of the act of June 29, 1906. The act of July 26, 1894, by its terms exempts certain classes of persons who desire to become citizens from making a previous declaration of intention. It does not, however, exempt a petitioner from having a petition posted for the usual period of 90 days. See U. S. v. Peterson, 182 Fed. 289, 104 C. C. A. 571. The act of July 26, 1894, moreover, requires five consecutive years' service in the United States navy, or one enlistment in the United States marine corps. This requirement the present petitioner did not and could not fulfill, and therefore did not bring himself completely within said act of July 26, 1894.

[1] The act of June 30, 1914, exempts certain classes of persons who desire to become citizens from making a prior declaration of intention, and from proof of residence on shore, and, furthermore, makes an honorable discharge, or an ordinary discharge with recommendation for re-enlistment, proof of good moral character. This act also reduces the requisite term of service in the navy or marine corps

to four years. It further provides that the court may immediately naturalize the petitioner, and this naturally exempts him from the requirement of the 90 days' posting. It is contended on the part of the government that the present petitioner does not come within the provisions of the said 1914 act: First, because said act was not in existence at the time when the petitioner filed his petition; and, secondly, because said act was passed with a view of covering a certain class of petitioners only, and that the present petitioner is not included in that class. The 1914 act, standing by itself, is general in its terms, is tolerably plain, and free from ambiguity. When, however, it is construed in connection with the two other acts above referred to, there does arise ambiguity and uncertainty. The circumstances under which the 1914 act was passed and the history of its inception and passage show that it was designed especially for a particular class of applicants. It appears that, under the United States laws and navy regulations in force at the time of the passage of the 1914 act, a person who had served four years in the navy and received an honorable discharge, or an ordinary discharge with recommendation for re-enlistment, might re-enlist within a period of four months and receive a continuous service certificate with increased pay. There had been no difference in the treatment in respect to re-enlistment and increased pay between citizens and aliens. Under a ruling of the comptroller, however, it was held that such increased pay could only be allowed to American citizens who re-enlisted within the four-month period. It was in view of this ruling and the foregoing circumstances that the act of 1914 was passed, 'and, without question, one of its purposes was to allow an alien who had served four years in the navy and had been honorably discharged, or had received an ordinary discharge with recommendation for re-enlistment, and who might desire to re-enlist within the four-month period and receive increased pay, to file his petition in the proper court, and at once, without any declaration of intention having previously been filed, and without the necessity of posting, have his petition heard, so that he would be in a position to proceed with his re-enlistment and receive increased pay. It was also provided that proof of honorable discharge, or of ordinary discharge with recommendation for re-enlistment, should be proof of good moral character, and that no proof of residence on shore was necessary.

The question here arises whether the present petitioner can take advantage of any of the provisions of the 1914 act. This act, in my opinion, must be read in connection with the general act of June 29, 1906, and the act of July 26, 1894. Prior to the passage of the 1914 act the term of enlistment in the marine corps had been changed from five to four years, and the 1914 act makes the same change as to the navy, modifying in that respect the five years' service required under the act of July 26, 1894. I do not think, however, that it was the intention of Congress in passing this 1914 act to provide that an alien, who had served four years in the navy, received an honorable discharge, who, without having any intention of re-enlistment, waited a period of years, could then apply at once to the court and be immediately admitted to citizenship without proof as to where his resi-

dence had been during said last-named period, and without any posting. It seems to me that under such circumstances, where a considerable period of time has elapsed between the honorable discharge and the filing of the petition, that the usual posting must be made, and that, while honorable discharge may be proof of good moral character during the period of service, yet that supplemental proof of good moral character during the subsequent period should also be required, as well as proof of residence within the United States and within the state during the subsequent period.

[2] In the present instance the petitioner has provided such proof. He has shown proper residence subsequent to his honorable discharge, and has shown one year's residence within the state next prior to the filing of his petition. His petition has been posted for the usual length of time. He has also shown good moral character during the period subsequent to his honorable discharge and down to the time of hearing. It is true that the proof shows only four years' service in the Navy instead of five years as required by the law in force at the time he filed his petition. Inasmuch, however, as between the time when he filed his petition and the time of the hearing the law was changed, making proof of four years' service sufficient, I see no reason why the petitioner may not take advantage of this change in the law, at the time of the hearing, inasmuch as in his case it simply affects the quantum of proof necessary to be furnished, and that quantum of proof, in my opinion, is to be measured at the time of the hearing, rather than at the time when the petition was filed.

Under all these circumstances, I am of the opinion that the objections of the chief examiner should be overruled, and the petitioner admitted to citizenship.