### In re TANCREL.

(District Court, E. D. Pennsylvania.   November 8, 1915.)

ALIENS ☞66—NATURALIZATION—MERCHANT SEAMEN.

An alien seaman, who has served three years on board of a merchant vessel of the United States subsequent to his declaration of intention to become a citizen, and who produces his certificate of discharge and good conduct during that time, together with the certificate of his declaration of intention, is by the terms of Rev. St. § 2174 (Comp. St. 1913, § 4357), entitled to admission as a citizen without further proof.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 130; Dec. Dig. ☞66.]

In the matter of the application of Mark Gabriel Tancrel for admission to citizenship. On objections of United States. Objections overruled, and applicant admitted.

Thos. B. Shoemaker, Chief Naturalization Examiner, for the United States.

Mark Gabriel Tancrel, pro se.

DICKINSON, District Judge. The application is based upon the provisions of section 2174 of the Revised Statutes. The applicant stands upon his petition, unsupported by other evidence than "the production of his certificate of discharge and good conduct" (during the term of his service in the merchant marine), "together with the certificate of his declaration of intention to become a citizen," and his own oath.

The objection urged by the Bureau of Naturalization is to the effect that the conditions of naturalization apply to the applicant, except that

service on board a merchant ship for three years after the filing of his declaration is accepted as the equivalent of residence. This leaves the fourth condition enumerated in the act to be still applicable (except as to residence), and in consequence the testimony of two witnesses, in addition to the oath of the applicant, is required to establish all the facts (except residence), and the names and residences of the witnesses must be posted.

The objection is in accord with the general purposes of the naturalization law, and the object in excepting from some of its provisions this favored class. The law, therefore, might have been made to conform to the grounds of this objection. Congress, however, has declared its will to be otherwise, and that the certificate of discharge, following a declaration of intention, admits the applicant to citizenship. Section 2174 lays upon the courts the command of Congress that the applicant "shall be admitted" upon the production of the certificates set forth in the act. In a statement of what this applicant has done, we have paraphrased the very language of the act of Congress. This language exactly fits the facts of the case. The command follows that upon this state of facts he "shall be admitted." We have no warrant to disregard this command.

The view taken in no way conflicts with U. S. v. Petersen, 182 Fed. 289, 104 C. C. A. 571. The ruling there was that the procedure features of Act June 29, 1906, c. 3592, 34 Stat. 596, must be followed by applicants within the excepted classes. In the instant case, the act of 1906 was followed in these respects. The objection here confines itself to the character of the proofs which go to "satisfy" the court. We are not called upon to find the reason which moved Congress to dispense, in the case of such applicants as is the petitioner, with the testimony of two supporting witnesses. If one is looked for, however, it can be found in the nature of the employment which such applicants follow, limiting witnesses to shipmates. The certificate of discharge and good conduct is therefore made evidential. There is also the added reason of the policy of Congress to encourage service in the merchant marine.

Let the applicant be admitted upon taking the required oaths.