In the Matter of WOOLF WILSON.*

Supreme Court, Bronx County, November, 1929.

No appearances.

CALLAHAN, J. The petition in this matter was filed on February 2, 1929. Under the procedure established for the hearing of applications for naturalization this petitioner was eligible for final hearing on May 2, 1929. Owing to the fact that the court calendars were considerably delayed, his petition was not heard by the court until October 4, 1929. On March 2, 1929, Congress adopted an amendment to section 382 of title 8 of the United States Code relating to aliens and citizenship, which became effective July 1, 1929. The amended section† contains the following new matter: " If an individual returns to the country of his allegiance and remains therein for a continuous period of more than six months and less than one year during the period immediately preceding the date of filing the petition for citizenship for which continuous residence is required as a condition precedent to admission to citizenship, the continuity of such residence shall be presumed to be broken, but such presumption may be overcome by the presentation of satisfactory evidence that such individual had a reasonable cause for not returning to the United States prior to the expiration of such six months. Absence from the United States for a continuous period of one year or more during the period immediately

---

* See 135 Misc. 683.
† See 45 U. S. Stat. at Large, 1513, chap. 536.— [REP.

preceding the date of filing the petition for citizenship for which continuous residence is required as a condition precedent to admission to citizenship shall break the continuity of such residence."

This applicant left the United States on March 4, 1926, and returned on July 4, 1927. If the amendment of 1929 applies to this case, the continuity of the residence of this applicant must be deemed to be broken. If the statute does not apply, the applicant has the right, under the practice heretofore followed, of presenting to the court satisfactory evidence that he had a reasonable cause for not returning to the United States and that the continuity of his residence was not broken by his absence.

The general rule that statutes should be given a prospective construction unless the legislative intention otherwise clearly appears is subject to the equally well-established exception that where a statute relates to procedure or rules of evidence the amendment affects cases and conditions arising before the change, but heard afterwards, unless the statute provides otherwise.

The title of section 382 of the United States Code, both before and since amendment, shows that the section relates to *evidence* of residence. Prior to the amendment the question as to whether absence from the United States by aliens interfered with the continuity of their residence was the subject of a great number of conflicting judicial decisions. Residence being largely a question of intent, cases arose where the courts saw fit to hold that despite quite protracted absences the alien's continuity of residence was not interfered with when he could produce satisfactory proof of his intention to return here. There was no statutory limitation to such absences. By the amendment under consideration the judicial power has been limited in so far as its consideration of proof of residence is concerned. The quantum of the absence has been made the determinative factor to a large extent. This change is one relating to evidence and procedure and must be held to affect all hearings held after July 1, 1929, irrespective of when petitions were filed. (*Matter of Sterbuck*, 224 Fed. 1013; *Matter of Pollack*, 257 id. 350; *Luria* v. *United States*, 231 U. S. 9.) That the statute creates a conclusive presumption against those absent for more than a year does not affect its propriety or alter the rules of construction. Citizenship is a privilege, and Congress had power to regulate the conditions of its bestowal. (U. S. Const. art. 1, § 8, clause 4.) No rights not subject to the powers of Congress to modify are acquired by aliens whether declarants or petitioners. (*United States* v. *Morena*, 245 U. S. 392.)

This petitioner is, therefore, ineligible for citizenship at the present time. His application is denied.