## UNITED STATES v. NISBET.

### (District Court, W. D. Washington, N. D.   March 31, 1909.)

### No. 3,779.

1. ALIENS (§ 68*)—NATURALIZATION—WITNESSES—DEPOSITIONS—STATUTES.

Act Cong. June 29, 1906, c. 3592, § 9, 34 Stat. 599 (U. S. Comp. St. Supp. 1907, p. 424), declares that the hearing of a naturalization petition shall be in open court, and that the applicant and his witnesses shall be examined on oath before and in the presence of the court. *Held* that, except as provided in section 10, permitting depositions only where the applicant's residence has been for a period less than five years, a court, in hearing a naturalization petition, has no authority to receive or consider evidence taken by depositions without its presence.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 68.*]

2. ALIENS (§ 70*)—NATURALIZATION—VACATION—JURISDICTION.

Act Cong. June 29, 1906, c. 3592, § 15, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 427), authorizes the institution of suits in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit to set aside and cancel the certificate of citizenship because illegally procured. The section also declares that, if the certificate is set aside, a copy of the order of cancellation shall be transmitted to the court from which the certificate of citizenship shall have originally issued, and the clerk of such court, on receiving the same, shall cancel the certificate on the records and notify the Bureau of Immigration and Naturalization. *Held* that, where a certificate of naturalization was illegally granted by a superior state court, a federal District Court in the district of the naturalized citizen's residence had jurisdiction of a suit by the United States to set it aside.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 70.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the United States to cancel a certificate of naturalization illegally granted by a court of the state of Washington. Prayer of the government's petition granted.

Elmer E. Todd, U. S. Dist. Atty., and Andrew J. Balliett, Special Asst. U. S. Atty.

HANFORD, District Judge. The following is a summary of the material facts to be considered in this case:

The defendant, Hugh Nisbet, an alien, became a resident of Pacific county, in this state, in the month of February, 1903, and remained there about two years, when he removed to Jefferson county, in this state, and since then has continued to reside in said county. In the month of March, 1908, he filed a petition for naturalization in the superior court of the state of Washington for Jefferson county, which upon its face appears to conform in every respect to the requirements of the naturalization law. The petition was acted upon and granted by the superior court, and a certificate of naturalization issued on the 7th day of July, 1908. The evidence upon which the court acted consisted of the testimony of the two witnesses who signed the petition and depositions of two other witnesses taken in Pacific county, which were necessary to supplement the testimony of the witnesses who signed the petition, for the reason that, contrary to the statement contained therein, they had not known the petitioner for the required period of five years and were not competent to testify from personal knowledge that he had resided within the United States previous to the time of becoming a resident of Jefferson county.

This suit has been instituted in behalf of the government under the fifteenth section of the naturalization law of June 29, 1906 (34 Stat. 601, c. 3592 [U. S. Comp. St. Supp. 1907, p. 427]). The specific grounds upon which the government prays for annulment of the proceedings of the superior court and cancellation of the certificate of naturalization, are: (a) That the petition filed by the defendant in the superior court was invalid, because not verified by competent witnesses. (b) The court was not authorized to receive depositions to prove residence within the United States for the required period of five years.

The ninth section of the act of Congress above referred to, under which the petition for naturalization was filed, is specific and mandatory in requiring that the hearing should be in open court, and that the applicant and witnesses should be examined under oath "before the court and in the presence of the court"; and, except as provided in the tenth section, the court was not authorized to receive or consider evidence taken by depositions out of the presence of the court. Without the depositions, there was a lack of evidence to establish the facts necessary to entitle the defendant to become a naturalized citizen of the United States. The manifest intention of Congress, in the enactment of the naturalization law of 1906, was to prescribe rigid rules to be observed by the courts in naturalization proceedings and to correct the abuse of laxity in such proceedings. Therefore a court may not, in the exercise of assumed discretionary power, admit an

alien to citizenship who has failed to establish his right by the kind of evidence which the statute demands. The tenth section permits depositions to prove the fact of five years' continuous residence in the United States only in the cases of applicants for naturalization whose residence in the state, territory, or district has been for a period less than five years. Therefore that section of the law was not applicable, and the superior court acted without legal authority in receiving and giving consideration to the depositions in support of this defendant's petition.

The peace of society depends in a large measure upon respect for the solemnity of judicial proceedings. For this reason I have hesitated and deliberated before assuming authority to declare an act of a court of co-ordinate jurisdiction to be illegal, for misinterpretation and misapplication of the law. It is my conclusion, however, that this court may not decline to exercise the power conferred upon it by the statute. The state courts have authority to naturalize aliens only by virtue of authority conferred upon them by Congress, and inasmuch as Congress has provided in the fifteenth.section of the act above mentioned for the institution of suits in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship, on the ground that such certificate was illegally procured, every such certificate is subject to attack in either of the courts in which the government may elect to institute a suit for cancellation, and for cogent reasons the government may and should prefer to exert its judicial power through the medium of the courts ordained and established pursuant to the national Constitution, rather than the state tribunals. Although it is a wholesome rule which restrains courts from assuming authority to correct legal errors of courts of co-ordinate jurisdiction, that rule is subordinate to the legislative power of the government, and it may be modified or abrogated according to the wisdom of the legislative branch of the government, which has the power to prescribe the laws to which judicial procedure must conform. There can be no doubt or uncertainty as to the true interpretation of the statute with respect to the right of the government to invoke the jurisdiction of a court, other than the court which granted a certificate of naturalization, because it is provided in the fifteenth section that, whenever any certificate of citizenship shall be set aside or canceled, the court making the order for cancellation, if not the same court which granted the certificate of citizenship, shall direct its clerk to transmit a copy of such order and judgment to the court out of which such certificate of citizenship shall have been originally issued, "and it shall thereupon be the duty of the clerk of the court receiving such copy of the order and judgment of the court to enter the same upon the record, and to cancel such original certificate of citizenship upon the records, and to notify the Bureau of Immigration and Naturalization of such cancellation." This provision of the statute is an unmistakable expression of the legislative will on the subject, and a wise provision to prevent the possibility of confusion which might result from the preservation in the records of

one court of evidence of a right, after its annulment by a decree of a different court.

For the reasons above stated, I direct that a decree be entered as prayed for.