## UNITED STATES v. KOLODNER.

### (District Court, M. D. Pennsylvania. October 26, 1912.)

### No. 433.

1. ALIENS (§ 68*)—NATURALIZATION—STATUTES—DEPOSITIONS.

Naturalization Law (Act June 29, 1906, c. 3592, 34 Stat. 599 [U. S. Comp. St. Supp. 1911, p. 533]) § 9, provides that the hearing on a petition for naturalization shall be in open court, and that the applicant and his witnesses shall be examined under oath before and in the presence of the court. *Held*, that such provision was mandatory, and that depositions could not be received or considered, except as authorized by the succeeding section.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–146; Dec. Dig. § 68.*]

2. ALIENS (§ 68*)—NATURALIZATION—PROCEEDINGS—PROOF—DEPOSITIONS—"DISTRICT."

Naturalization Law (Act June 29, 1906, c. 3592, 34 Stat. 599 [U. S. Comp. St. Supp. 1911, p. 533]) § 10, provides that, in case the petitioner for naturalization has not resided in the state, territory, or district for five years continuously immediately preceding the filing of his petition, he may establish by two witnesses, both in his petition and at the hearing, the time of his residence within the state, provided that it has been for more than a year, and the remaining period of his five years' residence within the United States required to be established may be proved by the deposition of two or more witnesses who are citizens of the United States, on notice to the Bureau of Immigration and Naturalization and the United States attorney for the district in which the witnesses reside. *Held*, that the word "district," as used in such section, meant a federal district, and not the District of Columbia; and hence, where an applicant for naturalization had not resided continuously for five years in the district where he applied for citizenship, his residence in another state, territory, or district sufficient to establish a five years' residence in the United States could be proved by deposition.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–146; Dec. Dig. § 68.*

For other definitions, see Words and Phrases, vol. 3, pp. 2136–2138; vol. 8, pp. 7639, 7640.]

Petition by the United States against Jacob Kolodner to cancel a certificate of naturalization. Denied.

A. B. Dunsmore and Andrew Hourigan, both of Wilkes-Barre, Pa., for plaintiff.

WITMER, District Judge. On the 24th day of February, 1910, Jacob Kolodner filed in the Circuit Court of the United States for the Middle District of Pennsylvania his petition for naturalization, and produced as witnesses to such petition Morris Freginbaum and Harry

---

1For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Williams, each of whom made affidavit that they had known the applicant to have resided in the United States, and within the district, for a period of two years preceding the date of filing his application. In order to establish the other three years of continuous residence required by the act of Congress, the petitioner, on proper order and allowance, took the depositions of Lewis Flinkman and Simon Flinkman, of the city of Philadelphia, before Henry J. Robb, clerk of the Circuit Court for the Eastern District of Pennsylvania, which he presented to court upon hearing his application. The court, then presided over by my predecessor, Judge Archbald, received the depositions for the purpose offered, against the objection of the agent for the Bureau of Naturalization, and admitted the applicant to citizenship. Since then suit has been instituted in behalf of the government, under the fifteenth section of the Naturalization Law of June 29, 1906 (34 Stat. 601, c. 3592 [U. S. Comp. St. Supp. 1911, p. 537]), for the cancellation of the certificate of naturalization granted, upon the specific ground that the court was not authorized to receive the depositions taken of witnesses residing within the state where the application was filed and being heard.

The fourth section of the act of Congress above referred to provides that an alien may be admitted to become a citizen of the United States on petition verified by the affidavits of at least two creditable witnesses, who are citizens of the United States, and who shall state in their affidavits that they have personally known the applicant to have been a resident of the United States for a period of at least five years continuously and of the state, territory, or district in which the application is made for a period of at least one year immediately preceding the date of the filing of his petition.

[1] The ninth section requires that the hearing on such petition shall be in open court, and that the applicant and his witnesses shall be examined under oath, "before the court and in the presence of the court." This provision is specific and mandatory, and, except as provided in the tenth section, the court is not authorized to receive or consider evidence taken by depositions.

[2] The tenth section, however, permits depositions to prove the fact of five years' continuous residence within the United States in cases of applicants for naturalization, whose residence in the state, territory, or district has been less than five years. That the Congress had in mind the territorial jurisdiction of the federal court in framing this act is apparent from the use of the words "state, territory, or district," as appears from the fourth and tenth sections; and it is equally certain that it did not intend the word "district," as was argued by counsel, to apply to the "District of Columbia"—such word being used as a common and not a proper noun. When the applicant has resided within the jurisdiction of the court where he presents his application for a period of one year or more preceding the date of the filing of his petition, and having resided beyond such jurisdiction during the period required for naturalization, he may proceed with his hearing by producing in court the required witnesses who have known him during the time he has resided in such district, and prove by the depo-

sition of witnesses living beyond the territory or jurisdiction of the court for the balance of such time. And this view of the act is not in conflict with the case of United States v. Nisbit (D. C.) 168 Fed. 1005, cited by the attorney for the government, in which it was held that the superior court of Washington had no jurisdiction to receive depositions to prove five years' continuous residence within the United States, because such depositions were not of witnesses resident beyond the state, territory, or district where the application was heard. There the hearing was in the superior court of the state of Washington for Jefferson county, and the depositions were of witnesses taken in the county of Pacific, of the same state, and all within the Western district of Washington in the Ninth circuit of the United States.

There are other reasons why I should hesitate to reverse the order of the court, heretofore made, and set aside and cancel the certificate of naturalization granted, had I not reached the conclusion to agree with the court that the depositions taken and considered are authorized by the act.

The petition is therefore denied.