In re PEARLMAN.

(District Court, W. D. Tennessee, W. D. April 2, 1915.)

No. 172.

1. ALIENS ⬩67—NATURALIZATION—JURISDICTION OF COURTS—RESIDENCE OF ALIEN.

Under Naturalization Act June 29, 1906, c. 3592, § 3, 34 Stat. 596 (Comp. St. 1913, § 4351), providing that the naturalization jurisdiction of all courts shall extend only to aliens resident within the respective judicial districts of the courts, and section 4, providing that the petitioner shall declare on oath before the clerk of any court authorized to naturalize aliens in the district in which the alien resides two years at least prior to his admission that it is his bona fide intention to become a citizen of the United States, the court has no jurisdiction to naturalize an alien not residing within the judicial district of the court when filing his declaration of intention.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 131–137; Dec. Dig. ⬩67.]

2. ALIENS ⚖=67—NATURALIZATION—JURISDICTION OF COURTS—RESIDENCE OF ALIEN.

> An alien, who arrived in the United States in May, 1906, and who came to Memphis in June following, and remained there for about a month, when he left for Mississippi, where he obtained employment and remained until March, 1908, when he returned to Memphis to attend a business college, and remained there until September following, when on the completion of his course he returned to Mississippi, where he secured employment and remained until January, 1911, was not a resident of Memphis in January, 1908, when filing his declaration of intention, within Naturalization Act June 29, 1906, and the District Court of the Western District of Tennessee had no jurisdiction to naturalize him, though he stated that Memphis was his domicile and he considered it his home.

> [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 131–137; Dec. Dig. ⚖=67.]

Petition by Philip Pearlman for naturalization. Denied without prejudice.

Melville E. Lesser, of Memphis, Tenn., for petitioner.

Hubert F. Fisher, U. S. Dist. Atty., of Memphis, Tenn., and M. R. Bevington, Chief Naturalization Examiner, of St. Louis, Mo., for the United States.

McCALL, District Judge. The government resists the granting of the petition, upon the ground that the court is without jurisdiction, for the reason that the petitioner was not a resident of this district at the time he filed the declaration.

[1] Paragraph 3, section 3, of the Naturalization Act of June 29, 1906 (34 Statutes at Large, pt. 1, p. 596 [Comp. St. 1913, § 4351]) provides:

"That the naturalization jurisdiction of all courts herein specified, state, territorial, and federal, shall extend only to aliens resident within the respective judicial districts of such courts."

And, again, the first paragraph of the first subdivision of section 4 of the said act provides that:

"He shall declare on oath before the clerk of any court authorized by this act to naturalize aliens, * * * in the district in which such alien resides, two years at least prior to his admission, * * * that it is bona fide his intention to become a citizen of the United States. * * *" Comp. St. 1913, § 4352.

It goes without saying that if the petitioner did not reside in this district in January, 1908, when he filed his declaration of intention, his petition should not be allowed, because the court would be without jurisdiction.

[2] The question to be decided is: Was he a resident of this district at the time he filed his declaration of intention? The facts substantially are these: Philip Pearlman, the petitioner, arrived in the United States, at the port of New York, May 14, 1906, and came to Memphis, Tenn., in June, 1906. He stopped here with a relative until July, 1906, when he left Memphis, Tenn., for Sunflower, Miss., where he obtained employment, and remained until March, 1908, in which latter month he returned to Memphis, Tenn., to attend a business col-

---

lege, and remained there until September, 1908. Immediately upon the completion of his course at the business college, he returned to Sunflower, Miss., where he again secured employment, and remained until January, 1911. Except from March, 1908, to September, 1908, he spent the whole of his time at Sunflower, Miss., from July, 1906, until January, 1911, with the further exception that occasionally he would visit, for a few days at a time, his relatives at Memphis. Petitioner states that Memphis was his domicile and that he considered it his home.

It will be noted that the statute provides that the jurisdiction of the court shall extend only to aliens *resident* within the respective judicial districts of such courts. It seems to me to be without point to enter into a discussion of the meaning of the word "domicile" and the word "resident." For reasons which must be apparent to every one, the alien is required to be a resident of the judicial district wherein he files his declaration of intention and seeks to have the court naturalize him. As in this case, the witnesses whom the petitioner introduces to testify as to his good character and fitness to become a citizen of the United States are those who did not reside near the applicant for more than a very small portion of the time, from the date of his arrival in Memphis, until January, 1911. Those who have had the best opportunity to know him well are those among whom he has resided at Sunflower, Miss.

From the petitioner's own statement, I am satisfied that he was not a resident of Memphis, Tenn., at the time he filed his declaration of intention, within the meaning of the act of Congress, and therefore this court is without jurisdiction to entertain the petition.

The result is that the application for naturalization must be denied, without prejudice.