### UNITED STATES v. SMITH.

(District Court, E. D. New York. December 13, 1917.)

1. ALIENS ⟨⟩71½ [New. vol. 7 Key-No. Series]—NATURALIZATION—CANCELLATION—NATURE OF REMEDY.

Where the result would be the same in any event, the question whether a suit to cancel a certificate of naturalization will lie, or whether a writ of error in the naturalization proceedings was the only remedy, need not be determined.

2. ALIENS ⟨⟩68—NATURALIZATION—RIGHT TO.

When a petitioner for naturalization appeared and filed his declaration of intention, the clerk asked for his address, and, upon being told "280 Broadway," wrote it in the blank opposite the word "residence," and added, without inquiry, "New York City, N. Y." There are probably five 280 Broadways in New York City, and the applicant was not allowed to read the declaration, or do more than swear the answers he had given the clerk were true. *Held* that, while an alien seeking naturalization is seeking a high privilege, and naturalization cannot be based upon purely constructive residence, the petitioner's declaration, being a bona fide declaration, cannot be rejected because of his admission that he lived in a district other than that stated in the declaration of intention; the error being that of the clerk taking the declaration of intention.

In Equity. Bill by the United States against William Richmond Smith to cancel a certificate of naturalization. Bill dismissed.

Melville J. France, U. S. Atty., of Brooklyn, N. Y., for petitioner.
Arnon L. Squiers, of New York City, for respondent.

CHATFIELD, District Judge. [1] This is an application to cancel a certificate of naturalization, which was granted after full hearing on testimony at which the United States was represented by the United States Attorney, and where the same question was considered as is now presented. So far as this court is concerned, at least, the question has been disposed of, as no new facts have been presented. Whether this suit will lie, or whether a writ of error was the only remedy, need

not be determined, as the result is the same. See United States v. Mulvey, 232 Fed. 513, 520, 146 C. C. A. 471.

In the Mulvey Case the court held an action to cancel a certificate of naturalization, and to set aside the order directing the issuance of that certificate, would lie, even if the question of "legality" raised what is generally referred to as "error" on the part of the court granting the original certificate, in a proceeding where the United States had not contested the matter, and where the lower court had heard only the customary examiners of the Department of Labor.

In Johannessen v. United States, 225 U. S. 237, 32 Sup. Ct. 613, 56 L. Ed. 1066, it was held that proceedings to cancel a certificate of naturalization could be had where fraud was shown, and where the government had not been represented. But, even if this suit can be heard, the ruling of this court upon the same question and record, when disposed of upon the merits, would ordinarily stand until disturbed by a higher court. No different facts are shown, and no new reason given why the court should change the order made.

[2] It now further appears from the record that the clerk before whom the applicant appeared when he filed his declaration of intention asked for his address, and, upon being told "280 Broadway," wrote it in the blank opposite the word "residence," and added, without inquiry, "New York City, N. Y." There are probably five "280 Broadways" in New York City, and the testimony shows that the applicant was not allowed to read the declaration, nor to do more than to swear that the answers which he had given to the clerk were true.

The courts have many times upheld technicalities with regard to matters of naturalization, upon statement that the alien seeking naturalization was seeking a high privilege. United States v. Gulliksen, 244 Fed. 727, —— C. C. A. ——; In re Pearlman (D. C.) 226 Fed. 60; United States v. Spohrer (C. C.) 175 Fed. 440; Johannessen v. United States, supra. In some cases the courts had held slight technical objections sufficient to defeat the application, even though the court was satisfied that the applicant would make a good citizen, and when the application had been fully investigated.

The conditions now confronting the United States go far to justify the position, which has always been taken by this court, that a duty rests upon those aliens who are enjoying the privilege of living in the United States to bear their share of the burdens of citizenship, in order to participate in whatever benefits follow therefrom. All officers of the government and the general public are seeking to assist them in qualifying themselves to become citizens. Hence this court has never been able to see that the standard will be raised, or the privilege of citizenship protected and made more desirable, by causing delay, trouble, and further expense to a petitioner whose papers have been satisfactorily investigated, and as to which no fraud can be imputed, when that person is otherwise qualified and has met every mandatory and substantial requirement. Such rulings are not thought to be within the intent of Congress as stated in the law, and would keep as alien enemies or friends many who otherwise would be useful citizens. Nor

does the court think this contrary to United States v. Ginsberg, 243 U. S. 472, 37 Sup. Ct. 422, 61 L. Ed. 853.

As was held in the Mulvey Case, supra, naturalization cannot be based upon purely constructive residence, but to throw out a bona fide declaration of intention, because of the applicant's admission that his actual domicile was in an adjoining district of the United States to that in which he had been caused to swear he was a resident, by a clerk who did not distinguish between five separate localities, of which three were entirely outside the jurisdiction of the clerk at the time, would be but lifting the realm of technicality to a point where it would plainly defeat justice and injure the United States as well.

The previous determination that an immaterial fault in a claim of constructive residence in a declaration of intention, where no harm can result therefrom, should not be treated as depriving the court of jurisdiction to naturalize the alien, who was then in all other respects desirable and properly before the court, will be redetermined. The same point was previously decided by this court in In re Von Bernhardi (June, 1916) 247 Fed. 129.

The respondent should have judgment dismissing the bill.