### Petition of BRIESE.

(District Court, E. D. New York. July 12, 1920.)

1. **Aliens** ☞67—**Naturalization laws must be strictly complied with.**
    The provisions of the naturalization law must be strictly and literally complied with in order to confer jurisdiction.

2. **Aliens** ☞67—**Naturalization jurisdiction of Supreme Court of New York limited to residents of county.**
    Under Naturalization Act, § 3 (Comp. St. § 4351), providing that "the naturalization jurisdiction of all courts * * * shall extend only to aliens resident within the respective judicial districts of such courts."

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Supreme Court of New York *held* to have jursdiction over the naturalization of such aliens only as reside within the county where the application is made.

**3. Aliens ⬤⟳68— Declaration filed in wrong jurisdiction not effective.**

A declaration of intention of an alien, filed in a state court, which correctly gave the street number of his residence, but erroneously stated that it was within the county, whereas it was beyond the county line in another county, where residence within the county was jurisdictional, *held* ineffective as a basis for a petition for naturalization.

In the matter of the petition of Julius Briese for naturalization. Petition denied.

Louis J. Castellano, of Brooklyn, N. Y., for petitioner.
Leroy W. Ross, U. S. Atty., of Brooklyn, N. Y., opposed.

CHATFIELD, District Judge. The applicant has been in the United States since 1891. He is 53 years old, and has four children born in the United States. He filed his first papers on March 28, 1917, in the Supreme Court of the state of New York, in the county of Kings. At that time he was living in Middle Village, Queens county, at No. 1487 Metropolitan avenue. This street begins in Brooklyn, and runs for a considerable distance through Kings county, before getting into the county of Queens. The clerk of Kings county, acting as clerk of the Supreme Court, allowed Briese to file his declaration of intention, stating that he lived at No. 1487 Metropolitan avenue. Apparently the clerk assumed that this was in Kings county, and Briese either did not know the difference or was ignorant of the requirement of the statute.

The law provides that any court of record of a state, "having a seal, a clerk, and jurisdiction in actions at law or equity, * * * in which the amount in controversy is unlimited," shall have jurisdiction to naturalize aliens. The law then provides "that the naturalization jurisdiction of all courts herein specified, state, territorial, and federal, shall extend only to aliens resident within the respective judicial districts of such courts." Comp. St. § 4351. Under section 4, par. "First," an alien must "declare on oath before the clerk of any court authorized by this act to naturalize aliens, or his authorized deputy, in the district in which such alien resides." Comp. St. § 4352.

[1]. The provisions of the Naturalization Law must be strictly and literally complied with in order to confer jurisdiction. Johannessen v. United States, 225 U. S. 227, 32 Sup. Ct. 613, 56 L. Ed. 1066; United States v. Ginsberg, 243 U. S. 472, 37 Sup. Ct. 422, 61 L. Ed. 853; United States v. Ness, 245 U. S. 319, 38 Sup. Ct. 118, 62 L. Ed. 321.

[2] The declaration must state "the present place of residence in the United States of said alien." This declaration has to remain on file at least two years. The declaration of the petitioner gave his residence as 1487 Metropolitan avenue. This was correct, but it added, "Brooklyn, N. Y.," which was incorrect. Nevertheless the petitioner did nothing for over two years and has now filed his application based upon this incorrect declaration. It has been held in the case of United States v.

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Stoller (D. C.) 180 Fed. 910, that a petition filed in a district consisting of two counties in the state of Washington was valid in either county. The court there limited jurisdiction to the judicial district of that particular court.

The Supreme Court of the state of New York is an institution which has jurisdiction throughout the entire state, but this court is divided into departments and districts. The judges are elected from these districts. In each district there are several counties. The Supreme Court is held for each county, and the county clerk of that county acts as clerk of the Supreme Court for that county. The seal of the county clerk is the seal of the court for that county.

We have therefore a requirement that the jurisdiction to naturalize extends to the judicial district only of such court as has a seal, a clerk, and a certain kind of jurisdiction. If we hold the word "district" to include all the territory which the jurisdiction of the court may cover, it would include the whole state of New York. If we hold the district of the court to be only that territory included within the boundaries for which the seal and the clerk are established, it would be the county of Kings. If we take the arbitrary word "district" in the sense in which that is used under the laws of the state of New York, we would have a geographical subdivision differing both from the general jurisdiction of the court and from the Supreme Court in and for the county of Kings.

Justices of the Supreme Court have jurisdiction to consider a matter anywhere throughout the state of New York which is pending before the Supreme Court in any part of the state, but any order made thereon must be sent to and filed in the county where the action is pending, and the county clerk of no other county can keep or record papers in that proceeding.

[3] Under these circumstances, the court feels compelled to hold that the paper in question was a mistake, and a mere nullity so far as conferring jurisdiction under the naturalization statute is concerned. The applicant should have discovered his mistake and corrected it, and the fact that he did not do so for two years is unfortunate, but does not relieve him from the effects of the mistake. This court in the case of United States v. Smith (D. C.) 247 Fed. 131, allowed an applicant to use a first paper which had been taken out and filed in a county other than the one where the applicant actually lived; but in that case the applicant gave an address within the county where the paper was filed, and the circumstances were such that the constructive residence was held to be sufficient.

That is entirely different from the present case. Here the man cannot claim even a constructive residence, because the address given in the declaration itself does not exist. If a man should file a declaration in Brooklyn, giving as his residence Montauk Point, Brooklyn, it would be apparent to every one that his residence was not in Kings county, and both the applicant and the clerk would be at fault in the original verification of such a paper. A mistake like this can be corrected, but cannot be overlooked or treated as a proper record in compliance with the naturalization statute.

The petition must be denied.