## UNITED STATES v. FOX.

(District Court, E. D. New York.  May 12, 1926.)

No. 1944.

**1. Aliens ☞71½(11).**

Federal District Court has jurisdiction to cancel certificate of citizenship illegally granted by a state court.

**2. Aliens ☞68(2).**

A declaration of intention, filed in county other than that in which applicant for citizenship resided, conferred no jurisdiction on New York state court under naturalization statute.

In Equity.  Suit by the United States against Nathan Fox.  Judgment for the United States.

William A. DeGroot, U. S. Atty., of Brooklyn, N. Y. (William Rosenzweig, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Philip S. Glickman, of New York City, for respondent.

MOSCOWITZ, District Judge.  This is an action in equity to set aside, cancel, and declare void a certificate of naturalization granted by the Supreme Court of the state of New York.  The applicant, a resident of Queens county, filed his declaration of intention to become a citizen in Kings county, state of New York.  On the 29th day of May, 1924, the applicant appeared before the Supreme Court, state of New York, county of Queens, and was admitted to citizenship, despite the protest of the naturalization examiner that the applicant's declaration of intention was filed in the wrong county.

[1, 2] The question presented is whether this court has the power to set aside a certificate of naturalization granted by the Supreme Court of the state of New York, whose jurisdiction in such matters was co-ordinate with this court.  A declaration of intention filed in the wrong jurisdiction is a nullity as far as conferring jurisdiction under the naturalization statute is concerned.  Petition of Briese (D. C.) 267 F. 600; United States v. Koopmans (D. C.) 290 F. 545.  My associate, Judge Campbell, in a learned opinion in United States v. Koopmans, supra, decided:

"There seems to be but little argument with reference to the first question, for, while it is true that there have been one or two decisions which would seem to hold that this court did not have jurisdiction to set aside a certificate granted by a state court, yet the great weight of authority is to the

contrary, because it has been held in many cases in the United States Courts that, where a certificate of naturalization is illegally granted by a state court, a District Court of the United States for the District within which the naturalized citizen resides has jurisdiction at the instance of the United States to cancel and vacate it.  U. S. v. Nisbet (D. C.) 168 F. 1005; U. S. v. Mansour (D. C.) 170 F. 671; U. S. v. Simon (C. C.) 170 F. 680; U. S. v. Meyer (D. C.) 170 F. 983; U. S. v. Spohrer (C. C.) 175 F. 440; U. S. v. Aakervik (D. C.) 180 F. 137; U. S. v. Nopoulos (D. C.) 225 F. 656; U. S. v. Griminger (D. C.) 236 F. 285."

I therefore find that the certificate of naturalization was illegally obtained and should be set aside.

Judgment for the plaintiff.