## UNITED STATES v. DIETZ.

### No. 22607–G.

District Court, N. D. California, S. D.

Sept. 13, 1943.

Frank H. Patton, Sp. Asst. to Atty. Gen., for plaintiff.

Henry B. Lister, of San Francisco, for defendant.

GOODMAN, District Judge.

This is an action to revoke defendant's citizenship pursuant to the provisions of § 338 of the Nationality Act of 1940, 54 Stat. 1158, 8 U.S.C.A. § 738.

Defendant has moved to dismiss, claiming lack of jurisdiction in this Court for the reasons:

(1) That the action should have been brought in the Superior Court of the State of California, County of San Mateo, where defendant was naturalized November 28, 1939.

(2) That § 338 is "ex post facto" and not here invocable.

The Nationality Act of 1940 was a codification of previous statutes relating to Naturalization. Codification was stated by the President, when he appointed the Secretary of State, the Attorney General and the Secretary of Labor as a committee to effect such codification, to be necessary because the Nationality laws were "scattered among a large number of separate statutes." In re Otness, D.C., 49 F.Supp. 220, 221.

In substance, the authority conferred, under the 1940 Act, upon the United States District Attorneys to bring such actions, upon the grounds specified in the statute, duplicates the provisions of § 15 of the Act of June 29, 1906, 34 Stat. 596, Schneiderman v. United States, 63 S.Ct. 1333, 87 L.Ed. 1796, decided June 21, 1943.

It is unquestioned that under the Act of 1906, as appears not only from its provisions, but from many decisions interpreting it, denaturalization proceedings need not be brought in the Court conferring citizenship, but may be had in the judicial district of defendant's residence in any court which has power to confer citizenship. Luria v. United States, 231 U.S. 9, 34 S.Ct. 10, 58 L.Ed. 101; United States v. Ovens, 4 Cir., 13 F.2d 376; United States v. Plaistow, D.C., 189 F. 1006; United States v. Koopmans, D.C., 290 F. 545; United States v. Fox, D.C., 14 F.2d 242.

By § 338 of the Act of 1940, denaturalization actions may be instituted in any federal or state court of record "in the judicial district in which the naturalized citizen may reside at the time of bringing suit." This Court's jurisdiction, therefore, **is** beyond question.

It has never been in doubt that the Act of 1906 applied to certificates of naturalization issued prior thereto. Johannessen v. United States, 225 U.S. 227, 32 S.Ct. 613, 56 L.Ed. 1066; Luria v. United States, supra; Schurmann v. United States, 9 Cir., 264 F. 917, 18 A.L.R. 1182.

§ 738(g) of the Act of 1940 specifically so provides. There is therefore no merit in the so-called "ex post facto" contention. Accordingly the motion to dismiss is denied.

■ A number of witnesses, produced by the government, testified to statements and declarations made by the defendant, both shortly before and soon after his naturalization, proving a state of mind on his part utterly and completely incompatible with true faith and allegiance to the United States and attachment to the principles of the Constitution. Statements made after naturalization are admissible to show state of mind at the time of taking the oath of citizenship. Luria v. United States, supra, 231 U.S. at page 27, 34 S.Ct. at page 15, 58 L.Ed. 101; United States v. Wursterbarth, D.C., 249 F. 908; Schurmann v. United States, 9 Cir., 264 F. 917, 18 A.L.R. 1182; United States v. Kuhn, D.C., 49 F. Supp. 407, 411. The evidence and proof was "clear and convincing." Schneiderman v. United States, supra. Justification for cancellation of defendant's certificate of citizenship is here of the "clearest sort." Schneiderman v. United States, supra.

Defendant admitted several of the statements attributed to him. But, he claims them to have been uttered facetiously and jocularly. He admits that "he talked too much." In answer to interrogations by the Court, he said he had, in street parlance, a "loud mouth."

The people of the United States, by the Constitution, committed to Congress the power to prescribe the rules and conditions relating to the bestowal of citizenship upon aliens. The right of citizenship, so to be conferred, in the words of Mr. Justice Murphy (Schneiderman v. United States) "it is safe to assert," is nowhere in the world "* * * of greater worth to an individual than it is in this country. * * * By many it is regarded as the highest hope of civilized men."

The oath, therefore, is not to be lightly taken. It is not a routine part of the day's normal activities. It is steeped in seriousness and in dignity. It is a solemn promise of unequivocal fealty.

■ I do not mean to imply that a mere frivolous or jocular attitude of mind substitutes for the requisite evidence upon which to predicate cancellation of citizenship. However, defendant's explanation of his statements and declarations, concerning what should have been to him the most momentous and serious step in his life, is completely unconvincing. Defendant's statements, together with other acts on his part as disclosed in the record, convince me that his citizenship was illegally procured.

Judgment will go for the United States in accordance with the prayer of the complaint. The government will prepare findings pursuant to the rules.